Marshall AGUILAR et al., Appellants,

v.

Victoria Luna MARTINEZ et al., Appellees.

No. 13089.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 17, 1956.

L. D. Hill, San Antonio, Leon F. Steinle, Jourdanton, for appellants.

House, Mercer & House, San Antonio, Arnold W. Franklin, Jourdanton, for appellees.

NORVELL, Justice.

Victoria Luna Martinez recovered judgment against appellants for the title and possession to thirty acres of land in Atascosa County, Texas, save and except certain mineral interests described in the judgment. Her petition contained a formal count in trespass to try title, with special pleas that a deed dated July 13, 1946, purportedly executed by Victoria Luna Martinez to Marshall Aguilar was a forgery, or, in the alternative, that the execution of the deed had been procured by fraud.

We are of the opinion that appellee's pleading was sufficient to raise the issue of forgery and appellants' points attacking the pleadings are not well taken.

Appellants seemingly take the position that the judgment must stand, if at all, upon the alternative theory that the deed was procured by fraud. They contend that there is no evidence supporting the theory of forgery and that the evidence overwhelmingly preponderates against a finding of forgery.

■ As trial was had before the court without a jury, and findings of fact and conclusions of law were not requested, we must presume that the judge determined all fact issues having support in the evidence so as to uphold the judgment. United States Fidelity & Guaranty Co. v. Carr, Tex.Civ.App., 242 S.W.2d 224, wr. ref.

■ In our opinion the evidence was sufficient to support a finding of forgery. Victoria Luna Martinez was illiterate and used a mark in the form of a cross for a signature. Appellee testified that she did not sell her land; that Aguilar paid her nothing for the land; that she never signed a deed to anyone, and, as far as she knew, she never signed a deed or made a mark on any deed. Appellee was not familiar with the English language and testified through an interpreter. Some of her testimony was elicited by leading questions. However, in the light of all the circumstances, we cannot say that there was no evidence of forgery, in view of appellee's direct testimony that she did not make her mark upon the disputed deed and never intended to execute a deed. It was an issue for the district judge as the trier of facts. 3B Tex.Jur. 457, Appeal & Error, § 941. Further, in our opinion, a finding of forgery would not be against the overwhelming preponderance of the evidence. King v. King, 150 Tex. 662, 244 S.W.2d 660.

■ The deed being a forgery, it follows that the same was wholly void, Turner v. Germany, Tex.Civ.App., 94 S.W.2d 1177, and that no person can claim as an innocent purchaser under it. Pure Oil Co. v. Swindall, Tex.Com.App., 58 S.W.2d 7. "Reliance on a recorded forged deed may bring loss on him who so relies, but it cannot affect the rights of the owner of the property." Alamo Trust Co. v. Cunningham, Tex.Civ.App., 203 S.W. 413, 414.

In her pleading, appellee alleged that she had executed a conveyance of an undivided mineral interest to W. D. Glasscock, by deed dated October 23, 1955, and recorded in Vol. 238, pp. 595–597 of the Deed Records of Atascosa County. Glasscock joined with Victoria Luna Martinez as plaintiff in the trial court. It was alleged in substance that plaintiffs owned the entire title to the tract, subject only to an oil and gas lease to the Lone Star Producing Company as lessee. The judgment sets out Glasscock's mineral interest as well as the interest of the Lone Star Producing Company.

■ There was no error in the award to Glasscock. The deed to Aguilar being a forgery (according to the presumed finding of the trial judge), the entire title was vested in Victoria Luna Martinez except for the mineral interest which she admitted having conveyed to Glasscock and Lone Star Producing Company. Appellants are in no position to complain of a judgment rendered in accordance with these pleaded admissions.

The judgment is affirmed.