**BOARD OF TRUSTEES, TARRANT COUNTY JUNIOR COLLEGE, Appellant,**

v.

**NATIONAL INDEMNITY COMPANY, Appellee.**

No. 17324.

Court of Civil Appeals of Texas, Fort Worth.

June 23, 1972.

Rehearing Denied Sept. 15, 1972.

Law, Snakard, Brown & Gambill, Thos. H. Law, and Terry Gardner, Fort Worth, for appellant.

White, McElroy & White, and B. Thomas McElroy, Dallas, for appellee.

## OPINION

MASSEY, Chief Justice.

The Board of Trustees, Tarrant County Junior College, hereinafter termed TCJC, prosecuted its action for damages based upon allegations of negligent tort (in the form of cross-action to an adversary suit for declaratory judgment) against National Indemnity Company. The case was tried to a jury. After verdict judgment was rendered that TCJC take nothing by its suit. It is not made clear whether rendition of the "take nothing" judgment was based on the Motion for Judgment *Non*

*Obstante Veredicto* or upon the part of the verdict finding contributory negligence.

We affirm.

By the pleadings of TCJC recovery was sought in the nature of specific performance of certain performance and payment bonds alleged to have been issued by the National Indemnity Company. These purportedly guarantee completion of performance by a building and construction contractor in connection with the erection of a building on the campus of TCJC or the payment for any loss occasioned by default. The contractor had failed to complete its construction contract. In view thereof TCJC had called upon National Indemnity Company to make good on its bonds of performance and payment. National Indemnity Company denied liability, contending that it had never entered into any contractual relation with anyone and that there had never been any valid bond.

Alternative to relief in the nature of specific performance TCJC sought common law damages predicated upon the negligence of National Indemnity Company. Not at issue on appeal is the matter of the jury finding on damages; hence we may consider it undisputed that $95,767.45 was the amount of the TCJC damages resulting through the failure of the contractor to complete the contract to erect the building.

By the time for submission of the case to the jury TCJC had abandoned its contractual theory. If TCJC is entitled to recover of National Indemnity Company it will be on the theory of negligent tort.

A local recording agent of National Indemnity Company licensed under and pursuant to V.A.T.S., Insurance Code, Art. 21.14, "Licensing of Local Recording Agents and Solicitors; . . ." was the David F. Stevens & Company. The agent was David F. Stevens who did business under that name after the purchase, as of February 1, 1969, of the L. D. Stricklin Company from L. D. Stricklin, formerly a licensed local recording agent who had done business under that name. Stricklin had never been a local recording agent for National Indemnity Company. Stricklin had lost his license as a consequence of various alleged frauds and defalcations, principally those of forging bonds so that what purported to be such by companies for which he solicited business were actually not so, or if so were in fraud of the companies. Of this Stevens was aware. The purchase was by a payment payout. Stricklin was not excluded by the office. On the contrary, as shown by the evidence, Stevens permitted total access. It would be proper to infer from the evidence that Stevens' purchase from Stricklin was fictitious. Stricklin daily continued to come to the office and to deal with insurance and bond matters exactly as before, except he held himself out to customers as an agent or employee for the David F. Stevens Company. Stevens was sometimes aware of what Stricklin was doing on an individual transaction, sometimes not. But whenever there was something brought to his attention that Stricklin was doing, or had done, his ratification was apparently automatic.

But there proved to be certain things done by Stricklin of which Stevens did not know and never had opportunity to ratify. One of these was the matter of the performance and payment bond of Albert L. Smith, Inc., a contractor who obtained a construction job from TCJC. Stevens, knowing that such a bond was desired by the contractor, had endeavored to obtain one for it but was unable to do so. He had approached National Indemnity Company, which company promised that it would supply such contingent upon Stevens satisfying certain requirements. Stevens was unable to satisfy such requirements. In view of the failure National Indemnity Company was in no way committed. In July of 1969, Stricklin, apparently knowing the circumstances, forged the seal of the National Indemnity Company and the signature of its Attorney-in-Fact to the desired bond and delivered it to Albert L. Smith, Inc., which company supplied it to TCJC.

After performing the major portion of the contract Albert L. Smith, Inc. was unable to complete its contract. Such company, and TCJC, called upon National Indemnity Company to make good on its payment and performance bonds. National Indemnity Company denied liability since it knew of no such bond and since the purported bonds had been issued without its authority. Hence the damages sustained by TCJC.

The proven circumstances were such that the jury would have been justified in making findings that Stevens was negligent, with such negligence amounting to proximate causes of TCJC's damages, in the following respects:

1. Permitting L. D. Stricklin to handle matters involving the issuance of surety bonds to National Indemnity Company's customers;

2. Permitting L. D. Stricklin to have access to National Indemnity Company's surety bond forms;

3. Permitting L. D. Stricklin to have access to National Indemnity Company's corporate seal; and

4. Permitting pre-signed and pre-sealed surety bond forms to lie unprotected around the office of David F. Stevens & Company.

However, the proven circumstances were not such that the jury were justified in making findings that National Indemnity Company was negligent in any identical respect, let alone in making findings that such company's negligence amounted to proximate causes of the damages of TCJC. Yet such were the findings made by the jury. For obvious reasons TCJC sought by its suit to establish its *prima facie* case against National Indemnity Company rather than David F. Stevens. The findings listed, though proper to be submitted against Stevens, had he been a party, were not raised by the evidence against the company.

On the matter of what could have been negligence of David F. Stevens, amounting to proximate causes of the damages sustained by TCJC had the case been against him rather than National Indemnity Company, see the following authorities: Restatement of the Law, Torts, Ch. 16, "The Causal Relation Necessary to Responsibility for Negligence", Sec. 449, "Tortious or Criminal Acts the Probability of Which Makes the Actor's Conduct Negligent"; Sec. 448, "Intentionally Tortious or Criminal Acts Done Under Opportunity Afforded by Actor's Negligence"; Sec. 302, "Acts Involving Risk of Either Direct or Indirect Harm", and Sec. 308, "Permitting Improper Persons to Use Things or Engage in Activities."

In addition to the findings relative to negligence founded in the freedom, etc., allowed Stricklin in and about the offices of David F. Stevens & Company, and in Stevens allowing pre-signed and pre-sealed surety bonds to lie unprotected about his office, the jury additionally found that National Indemnity Company was negligent in selecting and appointing Stevens as its local recording agent and that for this reason its negligence was a proximate cause of TCJC's damages. Further, it found that National Indemnity was negligent in its supervision (or lack thereof) of the David F. Stevens & Company as its local recording agent and that this negligence was a proximate cause of TCJC's damages.

■ There is nothing in the evidence of probative force tending to establish that Stevens was guilty of any negligence in the capacity of an agent, servant or employee for the National Indemnity Company. Indeed the record shows that Stevens actively concealed and held in secret from National Indemnity Company his continuing relationship with Stricklin. In any event any tort of Stevens could not be imputed to National Indemnity Company. Harrington v. North American Union Life Ins. Co., 308 S.W.2d 580 (Texarkana, Tex.Civ.App., 1957, mand. overruled); Casey v. Gibson Products Co., 216 S.W.2d

266 (Dallas Tex.Civ.App., 1948, writ dism.). A principal may not be charged with his agent's knowledge when the agent is acting in fraud of the principal or his rights.

■■ Furthermore, even though the issue was raised upon the matter of National Indemnity Company having been negligent in appointing David F. Stevens as its local recording agent (which we do not believe to be true because National Indemnity Company was not, absent something which would create a duty to make additional inquiry, obliged to look further than to determine that the Board of Insurance Commissioners had seen fit to issue a license to Stevens) such negligence could not have constituted a proximate cause of the event in question, even with Stevens' negligence treated as its proximate cause. In order to say that the company's negligence was a proximate cause it would be necessary, contrary to the provisions of law in such an instance to pile presumptions of fact upon a fact presumed. Rounsaville v. Bullard, 154 Tex. 260, 276 S.W.2d 791 (1955). Indeed these presumptions would appear to be multiple, viz: that because Stevens was not a proper person to be designated a local recording agent it should be presumed that he would, in the neglect of any proper exercise of his agency responsibility have recourse to the services of other persons; that such other persons would be improper or unauthorized persons likely to commit intentional torts or crimes; that such torts or crimes as might be committed would be prejudicial to the interests of the National Indemnity Company; and that the prejudice would be born in the tort or crime of a forgery of its seal and the name of its attorney-in-fact on bonds which would be relied upon by TCJC or other party similarly situated.

■ At the most any negligent appointment of Stevens by the National Indemnity Company could have amounted to a mere prior and remote cause. A prior and remote cause cannot be made the basis for an action for damages if it did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible if the injury is the result of some other cause which reasonable minds would not have anticipated, even though the injuries would not have happened but for such condition. The danger or apparent danger must exist in the condition itself. Panhandle & S. F. Ry. Co. v. Sledge, 31 S.W.2d 146 (Amarillo Tex.Civ. App., 1930, affirmed Tex.Com.App., 45 S. W.2d 1112). None such should be said to exist as applied to an insurance or bonding company leaving supplies, seals, Powers-of-Attorney, etc., with an agent licensed by the Insurance Commissioner as a local recording agent unless there be notice of some condition or circumstance specially existent causing such to be dangerous in itself.

■ David F. Stevens, as local recording agent, was in the relationship to National Indemnity Company as an independent contractor. The jury finding that National Indemnity Company was negligent in its supervision (or lack thereof) of Stevens as its local recording agent, which negligence amounted to a proximate cause of the damages sustained by TCJC, was without support by evidence both as to negligence and proximate cause. Restatement of the Law, Torts, has many sections under Ch. 15, "Liability of an Employer of an Independent Contractor", among which are sections exemplifying instances, with illustrations, where the employer would become liable for negligence on the part of the contractor or because of the employer's own acts or omissions in relation to the contractor and his employees or to the objective to be accomplished. In none is there any indication that the employer could be negligent in respect of supervision of the contractor in relation to an objective which is *not* sought to be accomplished by either the contractor or the employer, or furthermore, as in the case before us, where some third person is not acting as the agent of either of them but through

fraudulent device causes injury to an outsider under circumstances where the employer neither should have nor could have known of any activity whatever on the part of such third person (though the independent contractor did know or should have known of such) and of the likelihood of the same or similar occurrence by the act of such third person. Also, see generally 116 A.L.R. 1389, Annotation: "Insurance company's responsibility for torts of agent causing physical injury to person or damage to property", in which numerous Texas cases are reviewed.

From what we have stated, hereinabove, we believe it to be clear that none of the answers to the special issues found by the jury in favor of TCJC and against National Indemnity Company (by reason of which TCJC believes it would have been entitled to a judgment for damages had no contributory negligence issues been answered against it) was supported by evidence. Lacking support by evidence the findings would not support any judgment against the National Indemnity Company.

■ Departing from the matter of support for the findings that National Indemnity Company was negligent, we pass to the special issues in answer to which the jury found TCJC to have been contributorily negligent. On these the jury found negligence amounting to proximate cause because TCJC failed to inquire as to the validity of the bonds in question when they showed the signature of the attesting witness to be a tracing, and that because it failed to inquire about their validity prior to the default of Albert L. Smith, Inc.

On this we hold that in every instance where the jury found TCJC contributorily negligent the finding was so against the greater weight and preponderance of the evidence as to be clearly wrong. Unless TCJC's *prima facie* case be made out against National Indemnity Company, contrary to our holding, the contributory negligence issues are of no consequence. If we err and it would be correct to say that

a *prima facie* case was made out by TCJC then a correct judgment would be one of remand because of our holding relative to the findings on TCJC's contributory negligence, i. e., that they were so contrary to the greater weight and preponderance of the evidence that they are clearly wrong.

■ TCJC has presented points of error presenting a theory of recovery based upon comparative negligence, or alternatively upon a theory of comparative innocence, as between TCJC and National Indemnity Company.

The theories are exemplified under the discussions and authorities cited under 27 Am.Jur.2d, p. 681, et seq., "Equity", Sec. 145, "(Relative Standing of Litigants) Generally; effect of knowledge and ability to avert harm"; Sec. 146, "Actor must bear loss where parties are equally innocent"; and particularly Sec. 147, "—Loss must fall on one whose conduct made possible the wrongdoer's act". Briefly stated the principle is: when one of two persons must suffer by reason of the wrongful act of a third, that one must bear the loss who by his negligence made it possible for the third person to commit the wrong.

We have been cited to no case, and know of none, where a contractor's performance or payment bond was relied upon, whether forged or not. In all of the cases to which we are referred, however, there seems to have been some transaction which was voidable, as distinguished from void, in that there were onerous consequences flowing therefrom of which someone was entitled to be relieved. In the instant case the transaction by which Albert L. Smith, Jr., Inc., and TCJC considered a surety contract to have been accomplished was void rather than voidable. Both the Smith Corporation, as principal, and TCJC, as beneficiary, believed that the delivery of the bond accomplished a contract. They believed that the purported contract was real, something not so in actuality. The fraud perpetrated upon the Smith Corporation (and TCJC) went to

the character of the contract, for it was not a contract to which National Indemnity Company was party and hence not a contract at all. It was void from its inception as distinguished from a contract which is avoidable because of consequences therefrom flowing of which someone is entitled to be relieved on equitable grounds. Perhaps it would be more proper to state the principle of law to say that as to National Indemnity Company it was void because its signature as surety was forged. 72 C.J.S. Principal and Surety § 73, Forgery of Surety's Signature, p. 553.

In any event it was Stevens rather than National Indemnity Company who by his negligence, amounting to proximate cause, made it possible for the third person to commit the wrong. It was not made possible by any negligence of National Indemnity Company, either independently or derivatively.

We do not believe the doctrines considered in the sections from American Jurisprudence proper to be extended to impose liability upon National Indemnity Company. We hold that the trial court properly disregarded for judgment purposes the special issues in answer to which the jury returned findings that as between National Indemnity Company and TCJC the former was the more responsible for making possible the forgeries and consequential monetary loss sustained by TCJC.

Every point of error has been considered. The principal ones are covered in our discussion. Excepting for those complaining of the jury findings upon contributory negligence, which we have held were so against the great weight and preponderance as to be clearly wrong, all points of error are overruled. Even so, however, our holding is that the case is one where TCJC has failed to establish a *prima facie* cause of action and for that reason may not prevail.

Judgment is affirmed.