The ESTATE OF O. C. McWHORTER
et al., Appellants,

v.

Evie WOOTEN, Appellee.

No. 6038.

Court of Civil Appeals of Texas,
Waco.

Dec. 20, 1979.

Rehearing Denied Feb. 7, 1980.

Don D. Martinson, Fanning, Harper, Wilson, Martinson & Fanning, P. C., Dallas, Jack Haney, Haney & Kraemer, Huntsville, Richard Morrison, Krist, Gunn, Weller, Neumann & Morrison, Houston, J. Arthur Sandlin, Asst. Atty. Gen., Austin, Lloyd C. Martin, Smither, Martin & Haggard, Huntsville, Joe Hegar, Katy, John M. Lawrence, III, Lawrence, Thornton, Payne & Watson, Bryan, for appellants.

W. T. Bennett, Bennett & Keeling, Huntsville, for appellee.

## OPINION

McDONALD, Chief Justice.

This is a trespass to try title suit, and the judgment of the trial court is affirmed.

Appellee Wooten sued in trespass to try title for 165 acres of land in possession of appellants Alice Burke and Lewis Collard pursuant to contracts of sale by the Veterans Land Board. In the alternative appellee sought declaratory judgment that an agreed judgment entered in Cause 938 in the District Court of Madison County in July 1940 was of no force and effect and did not divest her of any interest in the 165 acres; pleading under oath: that recitation in such case that she was an intervenor was without her knowledge or consent; that she at no time appeared in such case or authorized anyone to appear in her behalf; and further in the alternative sought to have such judgment reformed to the extent necessary so that it would not be applicable to her.

Trial was to a jury which found:

Issues 1) through 8) Appellee did not sign the agreed judgment in Cause 938; did not authorize anyone to sign such in her behalf; did not join in making the agreements set out in such judgment; did not agree to the entry of such judgment; did not authorize any other person to agree to the entry of such judgment; did not appear in person in court at the time such judgment was agreed on; did not authorize any other person to appear in her behalf at the time such judgment was agreed upon; and did not authorize any other person to make the agreements set out in such judgment.

Issues 9) through 13) found plaintiff delayed an unreasonable length of time in bringing suit to set aside the judgment entered on 15 July 1940; that she knew defendants and those under whom they claim had been in visible possession of the 165 acres since July 19, 1940; that she failed to inform occupants of the property of her claim after July 19, 1940; that defendants and those under whom they claim relied on the validity of the Agreed Judgment in purchasing the land; and that defendants sustained damage by virtue of appellee's delay in bringing this suit.

Issues 14) through 18) found defendants and those under whom they claim have held adverse possession of the 165 acres for 10 years or more prior to this suit, (or 25 years prior to this suit).

Issues 19) through 22) found appellee ratified the judgment in Cause 938 by joining her husband in conveying certain other properties he received by such judgment.

Issues 23) and 24) found appellee waived her right to complain of judgment in Cause 938 by failing to file suit to reform same until May 1974.

Issue 25) found defendants and those under whom they claim were good faith purchasers for value without notice of the 165 acres.

Issue 26) found appellee's failure to file this suit until 1974 was not negligence.

Issues 27) through 29) found defendants and those under whom they claim repudiated the rights of plaintiff in the 165 acres for 10 years (and 25 years), by asserting title to the land as their own adversely to the claim of appellee.

Issue 30) found such repudiation put appellee on notice of such adverse claims.

The trial court disregarding Issues 9) through 25) and 27) through 30), (or rendering judgment notwithstanding same), rendered judgment for appellee for title and possession of the 165 acres; and further held all recitals and expressions to the contrary in the Agreed Judgment in Cause 938 are removed and decreed such judgment reformed to such extent.

Appellants appeal on 54 points which we summarize as 7 principal contentions.

Contention 1 asserts the trial court erred in rendering judgment for appellee "for the reason that the Agreed Judgment in Cause 938 entered July 15, 1940, divested appellee of all right, title and interest in the 165 acres."

Prior to April 23, 1939 Lytt and May Farris were the fee simple owners of the 165 acres (and are common source of title of appellee and appellants). On April 23, 1939 Mr. and Mrs. Farris executed and delivered a deed to appellee, (who was Mrs. Farris' daughter-in-law and Mr. Farris' step-daughter-in-law), conveying to her, as her sole and separate property, fee simple ownership of the 165 acres, subject to a life estate expressly retained by the grantors for their natural lives. Appellee filed such deed for record July 15, 1940.

Mr. Farris died May 26, 1939. Shortly thereafter Jeff Farris, son of Mr. and Mrs. Farris, filed suit in Cause 938 in the District Court of Madison County, against his mother May Farris and his two sisters, Blanche Dillon and Maudine Raynor, seeking to recover his share of his father's estate. Finis Larrison (son of Mrs. Farris; half brother of Jeff Farris; and the husband of appellee) intervened in such case. An Agreed Judgment was entered on July 15, 1940 which recites that the above-named parties including "Finis Larrison and his wife Eva Larrison[1] appeared in person and by their attorneys" and in open court "advised the court that they had reached an agreement of settlement to all property rights involved" * * * "*by terms of which settlement the plaintiff Jeff Farris and Finis Larrison were to have and recover from the estate of Lytt Farris deceased, and his wife Mrs. Maybell Farris, surviving*, the lands heretofore deeded to Mrs. Eva Larrison by deed dated April 23, 1939 * * * consisting of * * * and the 165 acres here in controversy plus other properties; recited that Mrs. Farris, Mrs. Dillon and Mrs. Raynor were to receive certain properties, and that Jeff Farris and Finis Larrison were to have no expectancy in the estate of Mrs. Farris. *The judgment thereafter decreed "that said agreement shall be respected and upon same shall be based this judgment, and that all right, title, equity and interest heretofore existing in the Estate of Lytt Farris deceased and Mrs. Maybell Farris be divested out of said estate and out of Mrs.*

*Maybell Farris and out of Blanche Dillon, a widow, and Mrs. Maudine Raynor * * * and the same be vested in Jeff Farris and Finis Larrison in and to * * * 165 acres*" (here in controversy) plus other properties.

"It is further * * * decreed by the court that parties receiving properties under this judgment shall receive the same subject to notice of any outstanding claims against it". There followed signatures of the parties and which purported to include "Evie Larrison, Intervenor", and finally the signature of the District Judge.

There is evidence appellee was not at the courthouse anytime during the trial of Cause 938; did not know of or authorize intervention in such case; did not sign the agreed judgment; did not authorize anyone else to sign same in her behalf; did not join in making the agreements set out in the judgment; did not agree to the entry of the judgment; did not authorize any other person to agree to the entry of such judgment; did not appear in court at the time the judgment was agreed on; did not authorize any other person to appear in her behalf in court at the time the judgment was agreed upon; did not authorize any other person to make the agreements set out in the judgment; and the jury found the above by its answers to Issues 1 through 8.

On July 19, 1940 Jeff Farris and Finis Larrison executed a partition deed whereby they divided the properties received by them under the agreed judgment in Cause 938 pursuant to which Farris received the 165 acres. On March 8, 1943 Farris conveyed the 165 acres to E. A. Berry, Jr., and by mesne conveyances the property came to the Veterans Land Board. Appellants Collard and Burke hold contracts for the property from the Land Board.

Appellee and Finis Larrison were divorced in 1945. Mrs. May Farris died May 3, 1974. Appellee filed this suit June 5, 1974.

Appellants assert in their brief, and we agree, that the central issue in this case is whether or not the Agreed Judgment in

1. The same person as Evie Larrison Wooten, plaintiff/appellee, in this case.

Cause 938 "divested appellee of her fee simple title to the 165 acres, subject to the life estate reserved to Lytt and May Farris".

■ We hold that such judgment did not divest appellee of her fee simple remainder interest in the property.

In the first place, the recited agreement was that Jeff Farris and Finis Larrison recover from the estate of Lytt Farris, deceased, and Mrs. Maybell Farris the lands heretofore deeded to appellee. This could only be the reserved life estate of Mr. and Mrs. Farris. And the judgment thereafter decreed that all right, title and interest in the property be divested out of the estate of Lytt Farris, deceased, Mrs. Farris, Mrs. Dillon and Mrs. Raynor and be vested in Jeff Farris and Finis Larrison. The judgment adjudicated nothing in favor of or against appellee who by the prior April 23, 1939 deed from Lytt and May Farris owned the remainder interest in the 165 acres after the death of the grantors. The judgment in Cause 938 only divested the interest of Mrs. Farris which was a life estate in the property. Appellee had not contracted her interest away; she had not consented to the judgment; and it did not purport to divest her of anything. The court has absolutely no power to supply terms or any essential details of a judgment which were not previously agreed to by the parties. The judgment did not divest appellee of her remainder interest. *Edwards v. Gifford*, 137 Tex. 559, 155 S.W.2d 786; *Farr v. McKinzie*, Tex.Civ.App. (14 Houston) NRE, 477 S.W.2d 672.

In the second place, appellee's name was forged to the Agreed Judgment. Appellee filed her Affidavit of Forgery and her verified pleading of non est factum. She testified her signature was a forgery; the testimony of Jeff Farris corroborates her testimony; Mrs. Raynor and Mrs. Dillon (who signed the Agreed Judgment) and were in court when Cause 938 was tried, remained silent in the present case; and the jury by its answers to Issues 1 through 8 found appellee's purported signature to be a forgery. The Agreed Judgment in Cause 938

is void ab initio as to appellee and ineffective as though it had never existed, and can divest appellee of nothing. *Alamo Trust Co. v. Cunningham*, Tex.Civ.App. (San Antonio) Er. Dism'd, 203 S.W. 413; *Pure Oil v. Swindall*, Tex.Com.App., 58 S.W.2d 7; *Neal v. Pickett*, Tex.Com.App., 280 S.W. 748; *Aguilar v. Martinez*, Tex.Civ.App. (San Antonio) NWH, 294 S.W.2d 756.

Contention 1 is overruled.

Contention 2 asserts the trial court erred in granting judgment for appellee because appellee's cause of action was in the nature of a bill of review to modify the Agreed Judgment in Cause 938, and that appellee failed to file her suit within four years after learning of the Agreed Judgment as required by Article 5529 VATS.

Plaintiff's suit was in trespass to try title for the recovery of real estate. Article 5529 provides "every action *other than for the recovery of real estate* for which no limitation is otherwise prescribed shall be brought within four years next after the right to bring the same shall have accrued and not afterward".

■ Article 5529, by its own terms is not applicable to an action in trespass to try title. *Jackson v. Hernandez*, 155 Tex. 249, 285 S.W.2d 184.

Contention 2 is overruled.

Contention 3 asserts the trial court erred in disregarding the jury's answer to Issue 9 which found plaintiff delayed for an unreasonable length of time in bringing her suit; and for disregarding the jury's answers to Issues 14 through 18 and 27 through 30 which found defendants and those under whom they claim were in adverse possession of the 165 acres, for 10 and 25 years prior to suit.

■ Appellee's suit was in trespass to try title. Appellee's title was under the deed of April 23, 1939 from Mr. and Mrs. Farris, which reserved a life estate in grantors for their natural lives. Mrs. Farris did not die until May 3, 1974. Laches and limitations did not commence to run until May 3, 1974, the date upon which the grantor's life es-

tate terminated. Appellee filed this suit on June 5, 1974. *Ferguson v. Johnston*, Tex. Civ.App. (Texarkana) NRE, 320 S.W.2d 906, citing many authorities holds:

"The statutes of limitation as to an interest in land, which one owns as a remainderman, subject to a life estate in another, do not begin to run in favor of one in possession until the death of the life tenant. *Gibbs v. Barkley*, Tex.Com.App., 242 S.W. 462; *Millican v. McNeill*, 102 Tex. 189, 114 S.W. 106 * * * ".

Contention 3 is overruled.

Contention 4 asserts the trial court erred in disregarding the jury's answers to Issues 11, 12 and 13 which establish the affirmative defense of equitable estoppel.

Issue 11 found plaintiff failed to inform defendants or anyone occupying the property that they had a claim of right, title or interest in the property after July 19, 1940; Issue 12 found defendants and those under whom they claim relied on the Agreed Judgment in purchasing the 165 acres; and Issue 13 found defendants sustained damage by virtue of plaintiff's delay in bringing this suit.

■ Appellee had no possessory right in the 165 acres during the life of Mrs. May Farris, and consequently was under no duty to inform anyone of her right, title and interest in the property. Moreover, defendants and those under whom they claim, were charged with notice of everything revealed by any instrument in the chain of title under which they claim an interest in the land. This includes the April 23, 1939 deed to appellee which reserved a life estate to Mr. and Mrs. Farris. *Texas Co. v. Dunlap*, Tex.Com.App., 41 S.W.2d 42. Finally, the forgery of appellee's name to the Agreed Judgment, rendering such void as to her, precludes implications, supplementary consent, waiver or estoppel. *Neal v. Pickett*, Tex.Com.App., 280 S.W. 749.

Contention 4 is overruled.

Contention 5 asserts the trial court erred in disregarding the jury's answers to Issues 19 through 22, which found appellee ratified the judgment by executing deeds with her husband to other properties he received by the Agreed Judgment.

■ The Agreed Judgment in Cause 938 was void as to appellee for which reason it is not subject to being ratified by her. *Neal v. Pickett*, supra.

Contention 5 is overrruled.

Contention 6 asserts the trial court erred in disregarding the jury's answers to Issues 23 and 24 which found appellee, by failing to bring her suit until May 1974, waived her right to complain of the Agreed Judgment.

Appellee had no right to possession and was under no duty to do anything until the death of the life tenant; and the Agreed Judgment being void as to appellee affords no grounds for implications, supplementary consent, waiver or estoppel. *Neal v. Pickett*, supra.

Contention 6 is overruled.

Contention 7 asserts the trial court erred in disregarding Issue 25 which found defendants and those under whom they claim were good faith purchasers for value without notice.

■ No person can be an innocent purchaser of lands in Texas where one of its links in its chain of title is a forgery. *Pure Oil Co. v. Swindall*, Tex.Com.App., 58 S.W.2d 7; *Aguilar v. Martinez*, Tex.Civ. App. (San Antonio) NWH, 294 S.W.2d 756.

Contention 7 is overruled.

Succinctly stated: Appellee received a deed to the 165 acres in 1939, which deed reserved a life estate in the grantors. The last grantor did not die until May 1974. Limitations could not commence to run against appellee until May 1974. The 1940 Agreed Judgment which appellants assert divested appellee of the property, did not divest appellee of anything; and was a forgery, for which reason it was void as to appellee ab initio, and afforded no grounds for implications, supplementary consent, waiver or estoppel.

All appellants' points have been considered and are overruled.

AFFIRMED.