NUMBER 13-02-232-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

OSCAR A. BUCK, ADMINISTRATOR OF THE 
ESTATE OF LILLIAN M. BUCK, DECEASED,                         Appellant,

v.

UNITED STATES FIDELITY AND GUARANTY 
COMPANY, J. MICHAEL RHYNE, EXXON 
CORPORATION, AND JAMES LAWRENCE,                          Appellees.
___________________________________________________________________

On appeal from the 214th District Court
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Opinion by Justice Rodriguez

         This is an appeal of a summary judgment rendered against appellant, Oscar A.
Buck, as Administrator of the Estate of Lillian M. Buck, Deceased, in a negligence and
fraud case. Appellant brought suit against appellees, United States Fidelity and
Guaranty Company (USF&G), J. Michael Rhyne, Exxon Corporation, and James
Lawrence, alleging negligence, and as to appellee Lawrence, also alleging fraud. The
trial court granted summary judgment in favor of all four appellees, and this appeal
ensued. By one issue appellant contends issues of fact remain as to his negligence
and fraud claims, thereby precluding summary judgment as to all appellees. We affirm.
I. Facts
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Standard of Review
         Appellant’s summary judgment motions were argued variously under both the
traditional and no-evidence standards.


 See Richard v. Reynolds Metal Co., 108
S.W.3d 908, 909 (Tex. App.–Corpus Christi 2003, no pet.). We review the trial
court’s granting of a traditional motion for summary judgment de novo. See Natividad
v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Branton v. Wood, 100 S.W.3d
645, 646 (Tex. App.–Corpus Christi 2003, no pet.). We must determine whether the
summary judgment proof establishes as a matter of law that there is no genuine issue
of material fact as to one or more of the essential elements of the plaintiff’s cause of
action or whether the defendant has conclusively established all elements of its
affirmative defense. Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530 (Tex.
1997); Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996); Crain v. Smith, 22
S.W.3d 58, 59 (Tex. App.–Corpus Christi 2000, no pet.). 
         A no-evidence summary judgment asserts there is no evidence of one or more
essential elements of claims upon which the opposing party would have the burden of
proof at trial. Tex. R. Civ. P. 166a(i). A no-evidence summary judgment is essentially
a pretrial directed verdict, to which the appellate courts apply a legal sufficiency
standard of review. Gen. Mills Rests., Inc. v. Tex. Wings, Inc., 12 S.W.3d 827, 832-33 (Tex. App.–Dallas 2000, no pet.); Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68,
70 (Tex. App.–Austin 1998, no pet.). 
         In response to a no-evidence motion, the non-movant is only required to present
evidence that raises a genuine fact issue on the challenged elements. McCombs v.
Children’s Med. Ctr., 1 S.W.3d 256, 258 (Tex. App.–Texarkana 1999, pet. denied). 
A no-evidence summary judgment is properly granted only if the non-movant fails to
bring forth more than a scintilla of probative evidence to raise a genuine issue of
material fact as to the challenged element of the claims. Tex. R. Civ. P. 166(a)(i);
Jackson, 979 S.W.2d at 70-71.
         In reviewing a summary judgment under either standard, “all evidence is to be
construed in favor of the non-movant, to whom every reasonable inference is allowed
and on whose behalf all doubts are resolved.” Alvarez v. Anesthesiology Assocs., 967
S.W.2d 871, 874 (Tex. App.–Corpus Christi 1998, no pet.). When the trial court’s
order does not specify the grounds relied on for the ruling, the summary judgment will
be affirmed if any of the theories advanced in the motion are meritorious. Rogers v.
Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989).
III. Analysis
         Appellant contends the trial court erred in granting summary judgment because
issues of fact exist as to his claims of negligence and fraud. We will address the
appellees individually in order to determine whether the granting of summary judgment
was appropriate in each instance. 
 
A. J. Michael Rhyne
         According to appellant, J. Michael Rhyne’s negligence in submitting a lost
securities bond application to USF&G on behalf of Lillian Buck resulted in a loss to her
of approximately $500,000. Appellant claims that as a matter of law, Rhyne, as
attorney-in-fact and agent for USF&G, owed a duty to Lillian to investigate whether
it was her intent to apply for a lost securities bond, and to contact appellant for
verification that the Exxon stock certificates were lost.


 Rhyne filed a traditional and
no-evidence motion for summary judgment. 
         Liability in a negligence action requires: (1) a legal duty owed one person by
another; (2) a breach of that duty; (3) that the breach was a proximate cause of the
injury; and (4) actual injury. Bird v. W.C.W., 868 S.W.2d 767, 769 (Tex. 1994);
Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). The
existence of a duty is a threshold question of law for the court to decide. Van Horn
v. Chambers, 970 S.W.2d 542, 544 (Tex. 1998); Phillips, 801 S.W.2d at 525. The
plaintiff must prove both the existence of a duty and a violation of that duty to
establish liability in tort. Phillips, 801 S.W.2d at 525.
         To assist the Court in deciding this case, appellant suggests we look to Board
of Trs., Tarrant County Junior Coll. v. National Indem. Co., 484 S.W.2d 399 (Tex.
Civ. App.–Fort Worth 1972, writ ref’d n.r.e.); Pure Oil Co. v. Fowler, 302 S.W.2d 461
(Tex. Civ. App.–Dallas 1957, writ ref’d n.r.e); Estate of McWhorter v. Wooten, 593
S.W.2d 366 (Tex. Civ. App.–Waco 1979), aff’d, 622 S.W.2d 844 (Tex. 1981); and
Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756 (La. 1985), for
guidance. We decline to do so. 
         In National Indem. Co., Tarrant County Junior College (TCJC) brought a
negligence claim against National Indemnity for its actions and the actions of its agent. 
National Indem. Co., 484 S.W.2d at 400. TCJC alleged National Indemnity’s
negligence enabled a third party to forge National Indemnity’s seal and signature on
a bond needed to secure a construction contract. Id. at 401. The appellate court
concluded TCJC failed to prove a prima facie cause of action as there was no evidence
of negligence on the part of National Indemnity or its agent. Id at 405. The court
discussed the negligence of an agent who allows someone with a history of fraud and
forgery to have access to the materials and records needed to accomplish the issuance
of a bond. Id. at 402. However, National Indem. Co. did not address whether there
is a duty on the part of an insurance agent, Rhyne in this case, to further investigate
the representations of a person acting on behalf of a bond applicant.


 Likewise, Pure
Oil Co., Estate of McWhorter, and Paine, Webber, are distinguishable. See Pure Oil
Co., 302 S.W.2d at 464 (fraud case involving father who forged children’s signatures
on back of stock in order to facilitate transfer of ownership to grandfather); Estate of
McWhorter, 593 S.W.2d at 370 (trespass to try title case in which court held
appellee’s forged signature on agreed judgment did not divest her of title to land);
Quealy, 475 So.2d at 760 (case involving conversion action against Paine Webber and
standard of care for notary). 
         Appellant does not cite any authority, and we find none, that supports a
negligence cause of action under the specific facts of this case. Additionally, appellant
fails to make any argument convincing this Court that a new common-law duty should
be created. Therefore, because appellant cannot prove the existence of a duty, an
essential element of this cause of action, the trial court was correct in granting either
a traditional or no-evidence summary judgment on appellant’s negligence claim against
Rhyne. 
B. United States Fidelity and Guaranty Company
         Appellant claims USF&G, the issuer of the lost securities bond, is liable for the
alleged negligence of its agent and attorney-in-fact, Rhyne. Appellant argues that
USF&G, through Rhyne, had a duty to ascertain whether Lillian actually intended to
apply for the lost security bond and whether she actually signed the application and
bond. Because USF&G’s no-evidence motion included summary judgment evidence
and was, as USF&G notes, apparently treated by the trial court as a traditional motion
for summary judgment, we too, will review it as a traditional motion for summary
judgment.
         As discussed above, appellant has failed to overcome the summary judgment
entered in his negligence action against Rhyne. Since Rhyne’s negligence has not been
established, appellant cannot sustain the argument that USF&G is liable. Thus, we
conclude the trial court was correct in granting a traditional summary judgment on
appellant’s negligence claim against USF&G.
C. Exxon Corporation
         Appellant’s negligence claim against Exxon Corporation is based on the
contention that Exxon owed a duty to Lillian, as a shareholder, to refrain from issuing
new stock certificates to her unless an investigation confirmed the original certificates
were actually lost. Like USF&G, Exxon’s no-evidence motion will be reviewed as a
traditional motion for summary judgment because it included summary judgment
evidence and because it was apparently treated by the trial court as a traditional
motion for summary judgment. 
         Appellant cites no authority, and we find none, imposing such a common-law
investigative duty on Exxon. However, section 8.405(a) of the Texas Business and
Commerce Code does provide that if an owner of a security claims the certificate has
been lost, destroyed, or wrongfully taken, the issuer must issue a new certificate if the
owner files a sufficient indemnity bond and satisfies other requirements imposed by
the issuer. Tex. Bus. & Com. Code Ann. § 8.405(a) (Vernon 2002). There is no other
statutory duty and we find nothing in the record regarding other requirements, if any,
imposed by Exxon. Since the business and commerce code does not impose any duty
on Exxon to investigate a lost securities claim made by a stock owner, appellant has
failed to prove a duty exists under the specific facts of this case. Therefore, we find
the trial court was correct in granting a traditional summary judgment on appellant’s
negligence claim against Exxon.
D. James Lawrence
         Appellant brought a negligence claim against Lillian’s attorney, James Lawrence,
asserting Lawrence negligently represented the stock certificates were lost. He
contends Lawrence was negligent because Lawrence never asked appellant if he was
in possession of Lillian’s Exxon stock certificates. Appellant also contends Lawrence
had a duty to Lillian to take no action which might deprive her of the benefits of her
Exxon stock. Lawrence filed a no-evidence motion for summary judgment.
         The existence of an attorney-client relationship gives rise to corresponding
duties on the attorney’s part to use the utmost good faith in dealings with the client,
to maintain the confidences of the client, and to use reasonable care in rendering
professional services to the client. Byrd v. Woodruff, 891 S.W.2d 689, 700 (Tex.
App.–Dallas 1994, writ denied). An attorney is held to the standard of care that
would be exercised by a reasonably prudent attorney. Cosgrove v. Grimes, 774
S.W.2d 662, 664 (Tex. 1989). A plaintiff is required to present expert testimony to
establish that standard of care. Ersek v. Davis & Davis, P.C., 69 S.W.3d 268, 271
(Tex. App.–Austin 2002, pet. denied); Longaker v. Evans, 32 S.W.3d 725, 735 (Tex.
App.–San Antonio 2000, pet. withdrawn). If an attorney makes a decision which a
reasonably prudent attorney could make in the same or similar circumstances, there
is no negligence even if an undesirable result occurs. Cosgrove, 774 S.W.2d at 665.
         In determining whether Lawrence breached the duty of care owed to Lillian, we
must determine whether Lawrence’s conduct was that of a reasonably prudent
attorney. Id. Appellant, however, offered no summary judgment evidence about what
a reasonably prudent attorney would have done under the circumstances present in
this case. See Ersek, 69 S.W.3d at 271. Without expert testimony to establish the
standard of care ordinarily exercised by an attorney, appellant failed to bring forth more
than a scintilla of probative evidence to raise a genuine issue of material fact as to
breach of duty. See Tex. R. Civ. P. 166(a)(i); see also Jackson, 979 S.W.2d at 70-71;
Longaker, 32 S.W.3d at 735. Therefore, because appellant cannot prove Lawrence
breached the duty of care owed to Lillian, an essential element of this cause of action,
we find the trial court was correct in granting a no-evidence summary judgment on
appellant’s negligence claim against Lawrence.
         Appellant also brought a fraud claim alleging Lawrence made a false
representation that the Exxon stock certificates were lost for the purpose of getting
replacement certificates in the hands of his client Jeffrey Buck, Lillian’s grandson. In
order to prevail on a fraud claim, appellant must prove: “(1) that a material
representation was made; (2) the representation was false; (3) when the
representation was made, the speaker knew it was false or made it recklessly without
any knowledge of the truth and as a positive assertion; (4) the speaker made the
representation with the intent that the other party should act upon it; (5) the party
acted in reliance on the representation; and (6) the party thereby suffered injury.” 
Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 211 n.45 (Tex. 2002) (quoting
In re FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001)). 
         Appellant is arguing Lawrence made a material misrepresentation to Exxon, not
Lillian. Appellant put forth no summary judgment evidence as to Lawrence’s intent
that Lillian act upon the misrepresentation allegedly made by him. Id. The record was
also silent as to how Lillian relied to her detriment on this misrepresentation. Id. 
Therefore, because appellant failed to present more than a scintilla of probative
evidence to raise a genuine issue of material fact as to essential elements of this cause
of action, we find the trial court was correct in granting a no-evidence summary
judgment on appellant’s fraud claim against Lawrence. See Tex. R. Civ. P. 166(a)(i);
see also Jackson, 979 S.W.2d at 70-71. In light of the above, we overrule appellant’s
sole point of error. 
IV. Conclusion
         Accordingly, we affirm the judgment of the trial court.

                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Opinion delivered and filed this
4th day of December, 2003.