**Alfred KASSICK and Safeway Stores, Inc., Plaintiffs in Error,**

**v.**

**I. M. SPICER, Defendant in Error.**

**No. 42987.**

Supreme Court of Oklahoma.

Oct. 26, 1971.

Thomas R. Brett, Hudson, Wheaton & Brett, Tulsa, for plaintiffs in error.

J. R. Hall, Jr., Miami, Jack Gordon, Claremore, for defendants in error.

IRWIN, Justice:

The Court of Appeals, Division No. 2, affirmed the judgment of the trial court. On Certiorari, the judgment of the trial court is reversed.

Mr. Spicer, plaintiff, while a customer in defendant Safeway's store, stepped on a grape, slipped and fell, and sustained personal injuries. He commenced this action to recover damages against Safeway and its store manager, Mr. Kassick.

The jury returned a verdict for plaintiff and judgment was rendered accordingly. Defendants appeal.

Defendants contend plaintiff did not prove any actionable negligence and the trial court erred in overruling their demurrers to the evidence and motion for a directed verdict.

Plaintiff contends that "the only question for the court's determination in this case is whether a person may recover money damages from the owner and manager of a grocery store for personal injuries resulting from a fall caused by his slipping on a grape lying on the floor for a sufficient length of time that defendants through the exercise of vigilance and ordinary prudence, would have known or should have known that same would cause injury to invitees traversing the floor in the course of shopping".

The record discloses that plaintiff slipped and fell, approximately four or five feet in front (west) of checkout stand No. 1 in Safeway's store. Defendant Kassick was called as a witness by plaintiff. According to his testimony, the entrance to the store is on the north; the store has six checkout stands which are located south of the entrance, extending in a north-south direction; checkout stand No. 1 is on the north and the cashier's booth is between checkout stand four and five; and approximately ten to twelve feet west of the checkout stands are several food laden gondolas, which extend north and south, and the aisle in which plaintiff fell was between the gondolas and the checkout stands.

Kassick testified that he was in the cashier's booth when he saw plaintiff enter the store at approximately 4:15 P.M.; the next time he saw him "he was picking himself up from the fall"; that he swept the floor in the check stand area at about 2:00 P.M.; at approximately 3:45 P.M., he "dressed up" the candy table, which extended east and west about fifteen feet northwest of checkout stand No. 1; that he went down the aisle where plaintiff fell after he left the candy table (about thirty minutes before plaintiff fell) and did not observe anything on the floor. On cross examination he testified that the area was clean and free of foreign matter at that time.

Kassick further testified that he was aware of the problem resulting from things

falling on the floor; the employees are directed to keep a constant lookout for foreign objects on the floor and to pick them up immediately; the store did not have a policy with respect to how often the store is swept but "we usually do it when its needed, and there is a lot of times that it is done when it isn't needed; we just sweep the store"; and that the checkout stands is the place that most people travel, the traffic is heavier there because everybody has to go out that area, that it is kept clean at all times by the checkers and they always sweep that area every opportunity they have.

Plaintiff testified that after he entered the store he started down the aisle and his feet flew out from under him and he fell; that he was "kind of embarrassed" and got up as quickly as he could; that he noticed dirt on his hands when he brushed them off; that he saw a big spot on the floor, "like some green grapes"; that he went to the cashier's stand and Mr. Kassick asked him what he fell on "and I told him, and so he hollered at this boy, I didn't know the boy, to go up there and see what it was I fell on and he said, was it grapes, and the boy said, yes sir, and he said well, clean it up before anybody else falls"; and that he made his purchase and left the store.

The record clearly establishes that plaintiff slipped and fell on the grape while he was a customer of Safeway's store. However, there is absolutely no evidence tending to establish how long the grape had been on the floor at the time plaintiff slipped on it and fell.

In Safeway Stores, Inc. v. Feeback, Okl., 390 P.2d 519 (1964), we held that a customer of a retail store injured in a fall caused by slipping on vegetables lying on the floor may not recover damages from the owner without proof that such vegetables were negligently left there by the owner or his employee or had been there for a sufficient time after the owner or his employee had actual or constructive knowledge thereof to have removed it in the exercise of ordinary care.

In Safeway Stores, Inc. v. Criner, Okl., 380 P.2d 712 (1963), the plaintiff customer slipped and fell on a wet or damp floor in defendant's store. It had been raining and the wetness or dampness had been created by people with wet shoes walking into the store. We noted that there was no evidence that actual notice of the condition had been given to the store employees prior to the accident; and that there was no evidence that the wet or damp condition had been there a sufficient length of time to give the store employees constructive notice of the dangerous condition. In reversing the judgment of the trial court in favor of the plaintiff customer and dismissing the action against the defendant store owner, we said the burden is upon the customer to prove negligence of the defendant store owner, and the store owner is not an insurer of the safety of customers, but only owes to them the duty to exercise reasonable care to keep the premises in a reasonable safe and suitable condition. In Criner we held that unless it is established that a customer slipped on a store floor through the owner's negligence or because of a condition which the owner had actual or constructive knowledge, there can be no recovery.

Absence of evidence tending to establish how long the grape had been on the floor at the time plaintiff fell does not necessarily mean that the trial court erred in submitting the case to the jury, if there was other evidence tending to establish negligence on the part of defendants. In Safeway Stores, Inc. v. Keef, Okl., 416 P.2d 892 (1966), the plaintiff stepped on a piece of banana, slipped and fell, and sustained injuries. There was no evidence as to how long the banana had been on the floor at the time plaintiff fell. In that case, plaintiff's action was not based on the grounds that the banana had been on the floor for a sufficient length of time for defendant to have discovered its presence and removed it, or that defendant negligently inspected the premises, but that defendant negligent-

ly failed to inspect the premises. The evidence in that case disclosed that the store had not been swept for approximately nine hours prior to the accident; there was no customary or routine sweeping of the area where plaintiff fell; and none of defendant's employees had policed the area to ascertain if any vegetables or foreign matter had fallen on the floor.

In affirming the judgment in favor of plaintiff in Keef, we said that under the circumstances presented, the question as to whether defendant exercised ordinary care in respect to its duties to its customers, and in particular, to the plaintiff, was a question of fact for the jury. We find nothing in Keef which modifies or relaxes the rule announced in Feeback, supra, that the burden is upon the plaintiff customer to prove negligence on the part of the defendant store owner or his employees and that when a customer of a retail store is injured in a fall caused by slipping on vegetables lying on the store floor, the customer may not recover damages from the owner or manager of the store without proof that such vegetables were negligently left there by owner or some employee or had been there for sufficient time after the latter had actual or constructive knowledge thereof to have removed it in the exercise of ordinary care.

In J. C. Penney v. Barrientez, Okl., 411 P.2d 841 (1965), we said the evidence was sufficient for submission of the case to the jury on the defendant's constructive notice that a dangerous condition existed where the stairway was littered, or strewn, with cigarette butts and papers, as much as thirty minutes before plaintiff fell on a hard, round object on the stairway. Although there was no direct evidence how long the hard, round object had been on the floor, we in effect determined that the presence of the cigarette butts, papers and other litter on the floor should have forewarned or furnished defendant with notice of the existence of an artificial or a dangerous condition.

The facts presented in Safeway Stores, Inc. v. Sanders, Okl., 372 P.2d 1021 (1962); and M & P Stores v. Taylor, Okl., 326 P.2d 804 (1958), cited by plaintiff, are distinguishable from the facts in the case at bar. In Safeway, the chairs were placed in the aisle by the defendant store and the plaintiff fell over the chairs when she started to leave the store. In M & P, the plaintiff slipped in a hole in the floor which had been in existence several months prior to the time plaintiff slipped. In the case at bar, there is absolutely no evidence that defendants knew the grape was on the floor and there is unequivocable evidence that they did not know of its presence.

In the case at bar, there is no evidence tending to establish the length of time the grape had been on the floor when plaintiff fell; there is no evidence tending to establish that an artificial condition (such as the floor being littered with cigarette butts and other debris) existed that would constitute constructive notice to defendants that a dangerous condition existed; and there is no evidence tending to establish that defendants negligently inspected the premises or negligently failed to inspect the premises. Stated in another way, there is no evidence tending to establish negligence on the part of defendants.

Defendants' motion for a directed verdict should have been sustained and the trial court erred in submitting the cause to the jury.

Judgment of the Court of Appeals, Division No. 2, reversed; Judgment of the trial court reversed with directions to the trial court to render judgment in favor of defendants.

BERRY, C. J., and WILLIAMS, BLACKBIRD, JACKSON and McINERNEY, JJ., concur.

DAVISON, V. C. J., and HODGES, J., dissent.