The ESTATE OF O. C. McWHORTER
et al., Petitioners,

v.

Evie WOOTEN, Respondent.

No. B–9235.

Supreme Court of Texas.

July 22, 1981.

Rehearing Denied Nov. 18, 1981.

Fanning, Harper, Wilson, Martinson & Fanning, Don D. Martinson, Dallas, Smither, Martin, Haggard & Henderson, Lloyd C. Martin, Huntsville, for petitioners.

W. T. Bennett, Huntsville, Clark, Thomas, Winters & Shapiro, Barry Bishop, Austin, for respondent.

RAY, Justice.

In June, 1974, Evie Larrison Wooten brought this trespass to try title suit for 165 acres of land in Madison County. In the alternative, Wooten sought a declaratory judgment that an agreed judgment rendered in Cause 938 in the District Court of Madison County in July, 1940, was of no force and effect and did not divest her of any interest in the 165 acres. Further in the alternative, Wooten sought to have the July, 1940 judgment reformed to the extent necessary for it not to apply to her. After a jury trial, the trial court rendered judgment for Wooten. She was awarded fee simple title and right to possession of the land. Any recitals to the contrary in the judgment in Cause 938 were ordered removed. The court of civil appeals affirmed, holding:

(1) The July, 1940 judgment in Cause 938 did not divest Wooten of her fee simple remainder interest in the property;

(2) The 1940 judgment was void as to Evie Wooten because her signature on the agreed judgment was a forgery;

(3) Since the agreed judgment was void as to Evie Wooten, it was not subject to waiver, estoppel or ratification;

(4) No person can be an innocent purchaser of land in Texas where one of the links in its chain of title is a forgery;

(5) The defendants were charged with notice of everything revealed by any instrument in their chain of title;

(6) Evie Wooten had no possessory right in the 165 acres during the life of her life tenant and had no duty to inform anyone of her right, title and interest in the property;

(7) Limitations did not begin to run against Evie Wooten until the death of her life tenant in 1974. Tex.Civ.App., 593 S.W.2d 366.

We affirm the judgments of the courts below.

On April 23, 1939, Lytt and May Belle Farris conveyed to Evie Larrison Wooten, as her separate property, fee simple title to the contested 165 acres subject to a life estate for the natural lives of the grantors. Wooten filed the deed for record on July 15, 1940.

Lytt Farris died May 26, 1939. Jeff Farris, the son of Lytt and May Belle Farris, filed Cause 938 against his mother and his two sisters, Blanche Dillon and Maudine Raynor, seeking his share of his father's estate. Finis Larrison, the son of May Belle Farris, half brother of Jeff Farris and husband of Evie Larrison Wooten, intervened. On July 15, 1940, an agreed judgment was rendered. Evie Larrison Wooten's name is signed to the agreed judgment but it is undisputed that she did not participate in the lawsuit, did not sign the agreed judgment, and did not authorize anyone to sign it for her. The agreed judgment refers to Evie Larrison Wooten as "Mrs. Eva Larrison", and provides:

"[T]he plaintiff, Jeff Farris, Jr., and Finis Larrison were to have and recover from the estate of Lytt Farris, deceased, and his wife, Mrs. Maybell (sic) Farris, surviving, the land heretofore deeded to Mre (sic) Eva Larrison by deed dated April 23, 1939, and which said deed is at this time in the possession of Mrs. Eva Larrison, the same consisting of 100 acres of land .... Also, 165 acres of land ....

... no expectancy whatever shall continue to exist in the said estate of Mrs. Maybell Farris so far as Jeff Farris, Jr. and Finis Larrison are concerned, and under the terms of said agreement they, the said Jeff Farris, Jr. and Finis Larrison are accepting and/or agreeing to accept the parts and parcels of property hereinbefore agreed to be accepted by them in settlement of any interest they may now have in the estate of Lytt Farris, deceased, or may hereafter be entitled to out of the estate of Mrs. Maybell Farris ....

It is therefore ordered ... that all of the right, title, equity and interest heretofore existing in the Estate of Lytt Farris, deceased, and Mrs. Maybell Farris be divested (sic) out of said estate and out of Mrs. Maybell Farris and out of Blanche Dillon, a widow, and Mrs. Maudine Raynor, wife of Clyde Raynor, and the same be vested in Feff (sic) Farris, Jr. and Finis Larrison in and to that certain 100 acres of land, ... that 165 acres ..., and to that 342 acres ....

It is further ordered ... that parties receiving properties under this judgment shall receive the same subject to any outstanding claims against it."

Shortly after the execution of the agreed judgment, Finis Larrison told his wife Evie that the judgment had awarded title to Jeff Farris and him. Wooten testified that she then told Finis that she would claim the land when May Belle Farris died. Wooten and her daughter went to the Madison County courthouse where her daughter transcribed the agreed judgment in shorthand and then retyped it when they returned home. Evie consulted a lawyer, but took no legal action.

On July 19, 1940, Jeff Farris and Finis Larrison executed a partition deed. Jeff Farris received the one hundred acre tract and the 165 acres in question here and Finis Larrison received the 342 acres. Evie Larrison Wooten did not join in this deed. Jeff Farris conveyed the 165 acres to E.A. Berry, Jr. in 1943. By mesne conveyances the property came to the Veterans Land Board.

Petitioners, Alice Marie Rice Burke and Lewis C. Collard, hold contracts for the property from the Veterans Land Board.

Between 1940 and 1947, Evie Larrison Wooten joined with Finis Larrison in executing deeds to some of the land and minerals received by Larrison under the agreed judgment and the partition deed. She never deeded her remainder interest in the 165 acre tract. Evie Larrison Wooten divorced Finis Larrison in 1945.

From 1940 to 1974, Evie Larrison did not attempt to set aside, reform, or correct the agreed judgment. She made no claim of ownership to the 165 acres to anyone in possession of the land after the agreed judgment was entered. When May Belle Farris died in 1974, Evie Larrison Wooten brought this suit.

 The central issue in this case is whether the 1940 agreed judgment divested Evie Larrison Wooten of her remainder interest in the 165 acres. We agree with the holding of the court of civil appeals that the agreed judgment did not divest Wooten of her remainder interest in the property. Under the agreed judgment "no expectancy whatever shall continue to exist in the said estate of Mrs. Maybell (sic) Farris so far as Jeff Farris, Jr. and Finis Larrison are concerned ...." The judgment only divested May Belle Farris of her life estate in the property. It did not purport to divest Evie Larrison Wooten of anything. Further, Evie Larrison Wooten received no benefits under the agreed judgment. Her husband, Finis Larrison, received some real and personal property and in exchange gave up any interest he might be entitled to out of the estate of his mother, May Belle Farris. The property Finis Larrison received for his conveyance of his expectancy of heirship was his separate property. *Hammett v. Farrar*, 8 S.W.2d 236, 237 (Tex.Civ.App.—El Paso 1928), *affirmed*, 29 S.W.2d 949.

 Since the agreed judgment did not divest Evie Larrison Wooten of her remainder interest, it makes no difference that her signature on the agreed judgment was a forgery. Moreover, the issues of ratification, estoppel and waiver are unimportant. She could not be bound by a judgment that did not in any way adjudicate her rights. *Edwards v. Gifford*, 137 Tex. 559, 155 S.W.2d 786, 788 (1941).

 Evie Larrison Wooten's suit was in trespass to try title. Her title was under the April 23, 1939 deed from Lytt and May Belle Farris which reserved a life estate for the natural lives of the grantors. May Belle Farris died on May 3, 1974. Laches and limitations began to run against Evie Larrison Wooten on that date. She filed suit on June 5, 1974.

"The statutes of limitation as to an interest in land, which one owns as a remainderman, subject to a life estate in another, do not begin to run in favor of one in possession until the death of the life tenant."

*Ferguson v. Johnston*, 320 S.W.2d 906, 909 (Tex.Civ.App.—Texarkana 1959, writ ref'd n. r. e.) quoting *Hensley v. Conway*, 29 S.W.2d 416, 417 (Tex.Civ.App.—Eastland 1930, no writ); *Millican v. McNeill*, 102 Tex. 189, 114 S.W. 106 (1908).

The judgment of the court of civil appeals is affirmed.