Jeff FARRIS, Jr., Appellant,

v.

Evie WOOTEN, et al., Appellees.

No. 10–82–093–CV.

Court of Appeals of Texas,
Waco.

Oct. 14, 1982.

Rehearing Denied Nov. 18, 1982.

W.R. Malone, Malone, Walsh & Wright, Huntsville, for appellant.

W.T. Bennett, Huntsville, Don Martinson, Fanning & Harper, Dallas, Richard Morrison, Krist, Gunn, Weller, Neumann & Morrison, Houston, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Jeff Farris, Jr. (defendant and third-party plaintiff) from summary judgment decreeing title and possession of 100 acres of land in plaintiff Evie Wooten; and in decreeing Farris take nothing in his third-party action against third-party defendants Maudine Raynor, John Gary Raynor, Patricia Loe and Carolyn Arthur [1].

Plaintiff Evie Wooten sued defendant Jeff Farris, Jr., and others for title and possession of 100 acres of land in Madison County. Plaintiff claimed title under a deed from Lytt and May Farris, dated April 23, 1939, and Farris claimed title by virtue of a judgment dated July 15, 1940, in cause number 938 in the 12th District Court of Madison County. Defendant Farris by a third-party complaint against the third-party defendants (Appellees here) sought a repartition of the lands awarded them (or their parents) by the judgment in cause number 938, in the event plaintiff Wooten prevailed in her suit against Farris.

On December 17, 1978 the trial court rendered interlocutory summary judgment that Farris take nothing in his third-party claim. He attempted to appeal such interlocutory judgment at that time, but such appeal was dismissed by this Court.

Thereafter the trial court on June 9, 1982 rendered summary judgment for plaintiff Wooten against defendant Farris; and further made final the prior interlocutory summary judgment that third-party plaintiff Farris take nothing on his third-party claim.

It is from this judgment that defendant and third-party plaintiff Farris appeals.

Farris assigns no point of error to that portion of the summary judgment that plaintiff Wooten recover title and possession of the 100 acres from him.

Farris' single point asserts: "The trial court improperly granted a summary judgment against [Farris] and in favor of the third party defendants Maudine Raynor, John Gary Raynor, Patricia Loe and Carolyn Author, because [Farris] had a right to implead Mrs. Raynor and the grantees under gift deeds from her, as implied warrantors, when he was sued by Mrs. Wooten, who claimed a superior title to land earlier partitioned between Farris and Mrs. Raynor".

Plaintiff Wooten was conveyed the 100 acres here involved (as well as 165 additional acres) by Lytt and May Farris on April 23, 1939, subject to a life estate retained by the grantors. Lytt Farris died in 1939 and May Farris died May 3, 1974.

Plaintiff Wooten filed suit in this case shortly thereafter (and also filed suit for the 165 acres). As noted Farris in both cases claimed title to the lands by virtue of the judgment in cause 938. In *Estate of McWhorter v. Wooten,* 622 S.W.2d 844 (Tex.), our Supreme Court held the judgment in cause 938 did not divest plaintiff Wooten of her remainder interest in the

1. See *Estate of McWhorter v. Wooten,* (Tex. Civ.App.Waco) 593 S.W.2d 366; affirmed, 622 S.W.2d 844 (Tex.) (closely related on facts, issues and parties).

properties conveyed to her in the April 23, 1939 deed. Summary judgment was correct as to plaintiff Wooten.

The record reflects, and Farris admits, he had actual knowledge of plaintiff Wooten's claim in 1959.

He failed to exercise reasonable diligence to protect his rights, if any until 1974. His equitable cause of action for a repartition is barred by the 4-year statute of limitation, Article 5529 VATS. The judgment of the trial court is correct.

Farris' point is overruled.

AFFIRMED.