**Rader L. WHITE and John White, Appellants,**

v.

**Gordon WYNN d/b/a Wynn's IGA Store, and Wynn's IGA, Inc., Appellees.**

**No. 61709.**

Supreme Court of Oklahoma.

Nov. 5, 1985.

---

N. Michael Chavez, Del City, for appellants.

Monnet, Hayes, Bullis Thompson & Edwards by James M. Robinson and Robert C. Smith, Jr., Oklahoma City, for appellees.

DOOLIN, Vice Chief Justice.

Appellant Rader L. White (Shopper) alleges she slipped on some oily-sticky substance and fell to the floor while shopping in a self-service supermarket owned by appellee Wynn's IGA Store and Wynn's IGA, Inc. (Store). Shopper alleges her injuries were caused by Store's inoperative frozen foods and meat refrigeration unit and resulted from Store's negligent failure to inspect the premises to remove the substance and prevent injury to Shopper. Store moved for summary judgment, contending that Shopper "does not and cannot obtain the evidence to carry her burden of proof to establish a prima facie negligence case." See, *Gilmore v. St. Anthony Hospital*, infra.

Shopper appealed the order granting Store summary judgment, and the Court of Appeals affirmed. The sole issue on certiorari is whether it was error to grant summary judgment to Store. We hold that Shopper's response to the motion for summary judgment left an unresolved material issue of fact as to Store's duty of care to Shopper.

Shopper alleged that she entered Store's supermarket on March 13, 1981, at approximately 7:30 A.M., about thirty minutes after Store opened to the public. She headed directly to the rear of the supermarket and there encountered the substance which caused her fall.

Shopper fell to the floor. She stated by affidavit[1] that the spillage was pinkish in

1.   AFFIDAVIT OF RADER LORENE WHITE

STATE OF OKLAHOMA )
                                          ) SS
COUNTY OF OKLAHOMA)

I, Rader Lorene White, of lawful age, and being first duly sworn under oath, allege and state as follows:

\*      \*      \*      \*      \*      \*

12.   As I was on the floor, I noticed that there were some pinkish drops on the floor that had a sticky feel to the touch; I disputed the manager's contention that it was coffee because it didn't feel like coffee.

\*      \*      \*      \*      \*      \*

Further affiant saieth not. Dated this 4th day of January, 1984.

s/RADER LORENE WHITE, Affiant

color and sticky to the touch. She stated that the drops looked like drippings from thawing meat, and had a lineal pattern across the rear aisle from a vacant refrigeration unit at the rear of the supermarket towards the front. Store's manager contended the substance was coffee. Shopper suffered extensive injuries and sued Store.[2]

During her deposition, Shopper testified that she did not know "really what the substance was that was on the floor." or how long the substance had been on the floor. The trial court found that the undisputed facts did not give rise to any reasonable inference sufficient to support a jury verdict in her favor. On appeal Shopper took the position that under *Lingerfelt v. Winn-Dixie Texas, Inc.,* 645 P.2d 485, 489 (Okl.1982),[3] Shopper need not have direct evidence of how long the substance had been on the floor nor prove notice of the specific condition to recover in negligence under certain circumstances.

The Court of Appeals found *Lingerfelt* inapplicable, holding that Shopper was—

"required to follow the general rule of invitor liability and show either that the liquid was the result of the store's negligence or that the store had actual or constructive notice of the condition in time to effect its removal or give warning of its presence. *Rogers v. Hennessee,* 602 P.2d 1033 (Okl.1979); *Kassick v. Spicer,* 490 P.2d 251 (Okl.1971). There is no evidence in the record of a negligent act by Wynn's, actual notice to Wynn's, or the length of time the liquid was on the floor."

The Court of Appeals found this evidence *indispensable* to Shopper's cause of action. We disagree.

Jurat.

**2.** Shopper's husband, John, petitions for loss of consortium, and joined his wife's action.

**3.** The shopper in *Lingerfelt* noticed just inside the front door of the store a display of strawberries heaped high in *uncovered* containers. It developed, like in the instant case that the store's wrapping machine was broken (broker refrigerating unit). In a different area of the store shopper fell on some strawberries. This Court held:

Since we granted certiorari limited to the question of whether it was error to grant the summary judgment, the essential question turns on the correctness of the Court of Appeals' standard of review in affirming the trial court's order. We agree with Shopper that the Court of Appeals applied the wrong standard of review and that the question of whether Store had been negligent in respect to its duty to Shopper is a question of fact for the jury. *Safeway Stores, Inc. v. Keef,* 416 P.2d 892 (Okl. 1966).

On a motion for summary judgment under District Court Rule 13 (12 O.S. Ch. 2, App.) all inferences and conclusions to be drawn from the underlying facts contained in such materials, must be viewed in the light most favorable to the party opposing the motion. Where facts concerning any issue raised by the pleadings and materials are such that reasonable men, in the exercise of fair and impartial judgment, might reach different conclusions upon consideration of the same, summary judgment must be denied. *Ross v. City of Shawnee,* 683 P.2d 535 (Okl.1984); *Northrip v. Montgomery Ward & Co.,* 529 P.2d 489 (Okl.1974). Our analysis of the evidence in *Rogers* and *Kassick* is inappropriate as a standard of review of a motion for summary judgment in the instant case.

In *Rogers,* we decided whether the evidence in a slip-and-fall case was sufficient to withstand a demurrer to the evidence, and in *Kassick,* we reviewed a jury verdict and judgment for the plaintiff. In the record before us, the trial court and Court of Appeals have formulated a rule that

Store owner owes duty to his shopper to maintain as safe a shopping environment as possible, self-service and shopping habits taken into account.

\*      \*      \*      \*      \*      \*

When shopper has shown that circumstances were such as to create reasonable probability that dangerous conditions would occur, invitee need not also prove that business proprietor had notice of specific hazard in order to show proprietor breached his duty of due care to invitee.

requires a plaintiff to prove her case when challenged by a motion for summary judgment. In a negligence action, the burden is not upon plaintiff to prove defendant was negligent in order to avoid defendant's motion for summary judgment. *Gilmore v. St. Anthony Hospital,* 598 P.2d 1200, 1205 (Okl.1979). Both courts 'presumed' Shopper could not prove her case at trial, rather than whether Shopper had raised an issue fact as to Store's negligent failure to inspect the premises.

Here, summary judgment was improper, because Store failed to carry its burden of showing the absence of any genuine issue of fact. A substantial controversy exists as to whether the spillage, as Shopper alleged, was residue from thawing meat (resulting from the negligent packaging, handling, or removal of frozen meat from the vacant unit), or if the substance were spilled coffee, as Store alleged. Therefore, the question of whether Store failed to exercise "due dilligence in watching for and/or cleaning up spillages which led to the condition which caused the accident" is at issue. The question of whether Store *negligently failed to inspect the premises* is a material fact for the jury. *Safeway Stores, Inc. v. Keef,* supra.

In *Lingerfelt,* we stated and held that when an invitee has shown an invitor's self-service merchandising and marketing methods were such as to create the reasonable probability that a dangerous condition would occur, the invitee need not prove notice of the specific condition thus created.

The opinion of the Court of Appeals is vacated and the order of the trial court is REVERSED and the cause REMANDED with directions to continue trial proceedings.

DOOLIN, V.C.J., and LAVENDER, HARGRAVE, OPALA, WILSON, KAUGER and SUMMERS, JJ., concur.

HODGES, J., dissents.