The third-party plaintiff, Rusty Thompson, appeals from a summary judgment entered for the third-party defendants, Jeff Henry Vaughn and Henry Homes, Inc. (both hereinafter referred to as "Vaughn"), Jordan Cooper, and Ethel Harris. We affirm.
On July 6, 1990, Dr. Bernard H. Eichold II, in his capacity as health officer of Mobile County, Alabama, filed a law suit seeking affirmative injunctive relief. Dr. Eichold sued to require Thompson to bring his property into compliance with health laws, specifically rules and regulations governing *Page 586 
on-site sewage treatment and disposal. Dr. Eichold sought to force Thompson to repair or replace his malfunctioning septic tank system, which was allowing raw sewage to surface on his neighbor's property.
On August 24, 1990, Thompson filed an answer and a counterclaim, as well as a third-party complaint naming six defendants. The third-party defendants included Vaughn, who had built Thompson's house and developed the subdivision; Cooper 
Company Real Estate, Inc., which, Thompson alleged, had acted as the agent in selling the house;[1] Mr. Mac Wimmer and Wimmer Tank Service ("Wimmer"), who had constructed and installed the septic tank system at Thompson's house; and Real Estate Financing, Inc.,[2] which had financed Thompson's purchase of the house.
On May 3, 1991, Thompson amended his third-party complaint, adding as a defendant Jordan Cooper, individually, alleging that he was the realtor who had sold the house to Thompson. The amendment also added Ethel Harris, a health department inspector. Thompson claimed that Harris had negligently inspected Wimmer's installation of the septic tank system. He claimed $93,000 against Harris in compensatory and punitive damages. Thompson also added general claims against all third-party defendants, alleging that they had lowered the value of his house and alleging annoyance, mental suffering, and mental anguish.
Eichold, Harris, and Cooper filed motions to strike Thompson's amended complaint, based on the time that had elapsed after the discovery process had been completed and based on the proximity of the attempted amendment to the trial date of the case. Harris, Cooper, Wimmer, and Vaughn filed motions to dismiss or for summary judgment, based on the applicable statutes of limitations. The trial court had set a trial date of June 11, 1991. At an oral argument of the various motions on June 6, 1991, Thompson moved for a continuance of the case based on a claim that he needed to explore allegedly newly discovered evidence that dirt had been removed from his lot at some point after the lot had been "perked" and approved. Various third-party defendants argued that they were being prejudiced by Thompson's last minute amendments and by what they called "continuous changes" in the allegations against them. The trial court agreed to delay the case in return for Thompson's agreement that there would be no further amendments to the third-party complaint adding new parties or changing causes of action.
On June 21, 1991, Thompson filed a new amendment, which attempted to allege fraud against all third-party defendants. Harris and Wimmer filed motions to strike that new amendment, and the trial court granted the motions. On August 23, the trial court entered a summary judgment in favor of Harris, Cooper, and Vaughn.[3] Thompson appealed.
We affirm the summary judgment on the authority of Rule 56, A.R.Civ.P. That rule sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (Alabama Code 1975, §12-21-12), for actions filed after June 11, 1987. See Bass v.SouthTrust Bank of *Page 587 Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989).
The record shows that Thompson purchased his house and moved into it in November 1982. Thompson testified that he had lived in the house approximately six to eight months when his septic tank system began to malfunction and back up into his house. Thompson further stated that he had known of the problems with his sewer system from the time he bought the house, but he did not file his third-party claim until August 24, 1990. There being no dispute that Thompson bought the house in 1982 and that the third-party complaint specifically naming Vaughn was filed on August 24, 1990, it is clear that the two-year statutory limitations period applicable to fraud and negligence actions had expired. The amendment to the third-party complaint adding Cooper and Harris was filed even later, on May 3, 1991. Therefore, all of the negligence and fraud claims against the third-party defendants are barred by the two-year statute of limitations applicable to those claims. Alabama Code 1975, § 6-2-38(l).
For the reasons stated, the summary judgment in favor of the third-party defendants is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.
[1] Cooper Company was later dismissed as a third-party defendant and Century 21 Jordan Cooper Realty, Inc., was substituted.
[2] The trial court entered a summary judgment for Real Estate Financing on April 11, 1991, and that summary judgment was affirmed on October 4, 1991, by this Court. Thompson v. RealEstate Financing, Inc., 589 So.2d 722 (1991).
[3] Thompson dismissed Wimmer after an out-of-court pro tanto settlement was reached, and also dismissed Jordan Cooper Realty, Inc.