Albert E. HODGE, Plaintiff/Appellant,

v.

Richard MORRIS, Defendant/Appellee,

v.

Dick JOHNSON, d/b/a Dick's Construction, Third–Party Defendant/Appellee.

No. 88392.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 12, 1997.

Timothy J. Adamson, Oklahoma City, for Plaintiff/Appellant,

Mark S. Cooper, Angela D. Ailles & Associates, Oklahoma City, for Defendant/Appellee Richard Morris,

W. Wayne Mills, Brian E. Dittrich, Mills & Whitten, Oklahoma City, for Third-party Defendant/Appellee Dick Johnson, d/b/a Dick's Construction.

JOPLIN, Judge.

¶ 1 Plaintiff/Appellant Albert E. Hodge (Hodge) seeks review of trial court orders granting summary judgment to Defendant Richard Morris (Morris) and Third-party Defendant Dick Johnson, d/b/a Dick's Construction (Dick's) in Hodge's action to recover damages for injury sustained in a slip and fall on Morris' property. Herein, Hodge asserts (1) as to Morris, there remain material facts in controversy regarding whether Morris knew or should have known of the dangerous condition which caused Hodge's injuries, precluding summary judgment, and (2) as to Dick's, the trial court erred in denying Hodge permission to amend his complaint to state a claim against Dick's, notwithstanding expiration of the statute of limitations prior to the sought-after amendment. As to the trial court's order granting summary judgment to Morris, we here hold the trial court erred, consequently reverse the trial court's order and remand for further proceedings; as to the trial court's order granting summary judgment to Dick's and against Hodge, we find no error and affirm.

¶ 2 Morris is an attorney, and on December 29, 1992, Hodge went to Morris' office to retrieve some documents. Hodge parked his vehicle, and as he approached Morris' office, he noticed a craftsman (later shown to be an employee of Dick's) laying carpet on an access ramp, blocking the most direct route to Morris' door. Hodge took another route, went into Morris' office, retrieved his documents, and immediately exited the office. Observing that the craftsman had left, Hodge descended the ramp, only to slip and fall on glue placed on the ramp by the craftsman, and sustained injury.

¶ 3 Hodge subsequently commenced the instant action against Morris. Morris answered, denying liability. Morris also commenced a third-party action against Dick's, alleging that Dick's negligence caused Hodge's injuries, and praying for indemnity from Dick's if Morris should be held liable to Hodge. Morris subsequently deposed Hodge, during which Plaintiff testified in essence that he had no "reason to believe that ... Morris knew that there was this area of glue that had been laid prior to [Hodge] slipping in it."

¶ 4 In August 1994, Morris moved for summary judgment, and based on Hodge's deposition testimony, argued that Hodge had no evidence to show that Morris knew or should have known of the glue hazard as to support a finding of Morris' breach of duty to Hodge by failing to warn of or remedy the hazard. Hodge responded, objecting to summary judgment, asserting that the fact of placement of glue on the ramp by Morris' independent contractor, Dick's, without warning thereof was "inherently dangerous," that Morris knew or should have known the contractor would be creating a dangerous condition of which Morris had a non-delegable duty to warn, at a minimum posing an unresolved issue of fact on whether Morris indeed knew or should have known of the danger. On November 9, 1994, the trial court granted summary judgment to Morris.

¶ 5 In March 1995, Dick's, involved in the lawsuit only by virtue of Morris' third-party claim, moved for summary judgment against Hodge, asserting that the two year statute of limitations on any claim Hodge might have against Dick's had expired. Hodge responded, objecting to summary judgment, and argued that once Morris commenced his third-party action against Dick's, Dick's became a party to the action, that notwithstanding expiration of the statute of limitations at the time of Hodge's attempted amendment to assert a claim against Dick's, the amendment related back to initial filing of the lawsuit against Morris, and therefore, statute of limitations posed no bar. Dick's filed a reply, arguing that third-party practice under the Federal Rules of Civil Procedure, and hence under the Oklahoma Pleading Code, required a plaintiff to assert any claim against a third-party defendant prior to expiration of the statute of limitations governing the plaintiff's original action, i.e., that the filing of a third-party complaint by the original defendant did not toll the running of the statute of limitations between the plaintiff and the third-party defendant.

¶ 6 The trial court, upon consideration of the parties' respective arguments, granted summary judgment to Dick's. Hodge now appeals the trial court's orders granting summary judgment to Morris and Dick's, and the matter stands submitted on the trial court record.[1]

 ¶ 7 As to Morris, we first recognize the well-established rule of premises liability law that "a business owner owes a duty to exercise ordinary care to keep its premises in a reasonably safe condition for use of its invitees and a duty to warn invitees of dangerous conditions upon premises that are either known or should reasonably be known by the owner." *Phelps v. Hotel Management, Inc.*, 1996 OK 114, ¶ 6, 925 P.2d 891, 893 (1996). The duty may not be delegated, and the business owner "cannot escape liability for an injury occasioned by its non-performance by showing the immediate cause of the injury was due to the negligence of an independent contractor." *Great Amer-*

*ican Indem. Co. v. Deatherage*, 175 Okla. 28, 52 P.2d 827 (1935). Thus:

> . . . [T]he cases place the burden of proof on the plaintiff in a slip and fall case to show that the item causing the fall was negligently left there by the storekeeper or some employee or had been there for a sufficient time after the latter had actual or constructive knowledge thereof to have removed it in the exercise of ordinary care. (Citations omitted). Or the plaintiff must show the storekeeper negligently failed to inspect or maintain the premises, or did not use ordinary care in policing the premises. (Citations omitted).
>
> . . . [I]f minds of reasonable men would differ or if it can reasonably be inferred from appellant's evidence that the storekeeper breached any of these duties, the question is then one of fact for the jury.

*Glover v. Montgomery Ward & Co.*, 536 P.2d 401, 408 (Okla.App.1974); *see also, J.C. Penney Co. v. Barrientez*, 411 P.2d 841, 848 (Okla.1965). Consequently, in slip and fall litigation, "plaintiff [is not required] to prove her case when challenged by a motion for summary judgment": "the burden is not upon plaintiff to prove defendant was negligent in order to avoid defendant's motion for summary judgment." *White v. Wynn*, 1985 OK 89, 708 P.2d 1126, 1129 (1985). Rather, in slip and fall cases, the defendant moving for summary judgment bears the "burden of showing the absence of any genuine issue of fact." *White*, 708 P.2d at 1129.

¶ 8 Morris here argued, in essence, that because Hodge personally had no reason to believe Morris knew there was glue in the area, Hodge could not make a prima facie case for recovery, i.e., that Hodge could not prove that Morris knew or should have known of that condition. As in *White*, however, Morris cannot make out his case for summary judgment based on Hodge's lack of personal knowledge of whether Morris knew or should have known of the offending condition; rather, Morris had the burden on summary judgment to affirmatively show by admissible evidence his own lack of notice of the offending condition, upon which showing

---

**1.** Rule 13(h), Rules for District Courts, 12 O.S.Supp.1993, Ch. 2, App., and Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1993, Ch. 15, App. 2.

the burden would shift to Hodge to present evidence arguably to the contrary. We therefore conclude the order of the trial court granting summary judgment to Morris should be reversed and the cause remanded for further proceedings.

 ¶ 9 As to Dick's, however, we find no error by the trial court. Indeed, while we find no authorities construing 12 O.S. § 2014 governing third-party practice and the effect of a plaintiff's attempted amendment to assert a direct claim against a previously joined third-party defendant, we find decisions under the § 2014 counterpart in the Federal Rules of Civil Procedure, Rule 14, instructive. *See, e.g., Prough v. Edinger, Inc.,* 1993 OK 130, ¶ 6, 862 P.2d 71, 74 (1993) ("The Oklahoma Pleading Code is based on the Federal Rules of Civil Procedure, and we may look to federal authority for guidance in applying its provisions"). In this particular, the great weight of authority requires the plaintiff to assert a direct claim against a third-party defendant within the limitations period governing plaintiff's claim. As Professor Moore observed:

> [A] claim by the plaintiff against the third-party defendant is ... subject to the applicable statute of limitations. Filing of an impleader claim by the defendant does not toll the running of the statute of limitations on plaintiff's claim against the third-party defendant. Subject to the principles of relation back ..., the plaintiff may not amend to state a claim against the third-party defendant where the statute of limitations has run on his claim.

3 *Moore's Federal Practice,* ¶ 14.09 at 14–65.

¶ 10 In the present case, Morris commenced his third-party action the day after filing of his answer to Hodge's initial petition, yet Hodge took no action to assert a separate and distinct claim directly against the third-party defendant, Dick's, until well after the statute of limitations on Hodge's claim had run, although Hodge had been on notice of Dick's potential liability from and after the time of filing of Morris third-party petition. While Hodge asserts a "mistake concerning the identity of the proper party" as to permit relation back of his attempted amendment under 12 O.S. § 2014 and § 2015(C)(3)(b), we find the mistake to which § 2015(C)(3)(b) refers is one involving "misnomer" of the proper party defendant, i.e., where the proper party has simply been misnamed, and does not apply where plaintiff seeks to assert a claim against a different party and stranger to his previously asserted claim. 3 *Moore's Federal Practice,* ¶ 15.15[4] at 15–156 et seq.; *Cartwright v. Atlas Chemical Industries, Inc.,* 1981 OK 4, 623 P.2d 606 (Okla.1981); *Hartford Acc. & Indem. Co. v. Luper,* 421 P.2d 811 (Okla.1966). We consequently here join the vast majority of jurisdictions and hold that 12 O.S. § 2014 requires that a plaintiff assert his/her claim against a third-party defendant (indeed, against whomever the claim might lie) within the applicable limitations period governing plaintiff's claim against defendant. Because Hodge did not assert his claim against third-party defendant Dick's within two years of accrual of his cause of action, we conclude the trial court did not err in granting summary judgment to Dick's.[2]

¶ 11 The order of the trial court granting summary judgment to Dick's is AFFIRMED. The order of the trial court granting summary judgment to Morris is REVERSED, and the cause REMANDED for further proceedings.

HANSEN, P.J., and BUETTNER, J., concur.

---

**2.** Because the record reflects no disposition of Morris' indemnity claim against Dick's (rendered moot by the trial court's decision granting sum- mary judgment to Morris), our opinion here leaves viable Morris' indemnity claim.