2005 OK CIV APP 3

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

**v.**

**April Fran PERRY, Defendant/Third–Party Plaintiff/Appellant,**

**v.**

**Jana Suzanne Slaughter, Third–Party Defendant/Appellee.**

**No. 100,629.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 10, 2004.

Kayce L. Gisinger, Abowitz, Timberlake & Dahnke, P.C., Oklahoma City, OK, for Appellant.

Marc Walls, Angela D. Ailles & Associates, Oklahoma City, OK, for Appellee.

Opinion by LARRY JOPLIN, Judge.

¶ 1 Defendant/Third–Party Plaintiff/Appellant April Fran Perry (Perry) seeks review

of the trial court's order granting the motion for summary judgment of Third–Party Defendant/Appellee Jana Suzanne Slaughter (Slaughter) on Perry's negligence claim. In this accelerated review proceeding, Perry asserts she timely commenced her third-party claim, and error of the trial court in holding the claim barred by the statute of limitations.

¶ 2 On August 10, 2001, the vehicle operated by Perry collided with the vehicle operated by Slaughter. Slaughter's insurer, Plaintiff State Farm Mutual Automobile Insurance Company (State Farm), paid Slaughter $2,594.94 for her damages.

¶ 3 On July 31, 2003, State Farm commenced the instant subrogation action against Perry, asserting her primary negligence. On September 23, 2003, Perry answered, denying negligence, and attributed cause of the accident to Slaughter's negligence. On October 2, 2003, Perry filed her third-party petition, asserting a negligence claim against Slaughter.

¶ 4 Slaughter filed a motion for summary judgment, asserting Perry's commencement of the third-party action more than two years after the accident, and hence, bar to Perry's third-party claim by the two-year statute of limitations, 12 O.S. § 95(A)(3). Perry responded, arguing that 12 O.S. § 2014(A) permitted assertion of a third-party claim against a non-party "who is liable to [the third-party plaintiff] on a claim arising out of the transaction or occurrence that is the subject matter of a claim that is asserted against him" "[a]t *any* time after commencement of the action," i.e., without regard to passage of the statute of limitations on the primary claim. (Emphasis added.)

¶ 5 On consideration of the parties' submissions, the trial court granted Slaughter's motion for summary judgment, and dismissed Perry's third-party petition. Perry appeals, and the matter stands submitted on the trial court record.[1]

1. See, Rule 13(h), Rules for District Courts, 12 O.S.2001, Ch. 2, App.; Rule 1.36, Oklahoma

¶ 6 Section 2014(A) of title 12, O.S., provides in pertinent part:

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him or who is liable to him on a claim arising out of the transaction or occurrence that is the subject matter of a claim that is asserted against him. . . .

In this respect, however, we find no Oklahoma case directly on point with the issue presented in this case.

¶ 7 In *Hodge v. Morris,* 1997 OK CIV APP 53, 945 P.2d 1047, the Court of Civil Appeals addressed a similar issue. Quoting from Professor Moore's treatise on the Federal Rules of Civil Procedure, the Court of Civil Appeals held "that 12 O.S. § 2014 requires that a *plaintiff* assert his/her claim against a third-party defendant (indeed, against whomever the claim might lie) within the applicable limitations period governing plaintiff's claim against defendant." 1997 OK CIV APP 53, ¶ 10, 945 P.2d at 1050. (Emphasis added.)

¶ 8 In analyzing § 2014, it should be noted that F.R.C.P. Rule 14(A), the federal counterpart, does not permit a third-party claim against a non-joined party "who is liable to him on a claim arising out of the transaction or occurrence that is the subject matter of a claim that is asserted against him" as does § 2014. That said, however, Professor Moore notes that, except on claims for indemnity or contribution which do not accrue "until judgment has been entered against the defendant, or until the defendant has paid the judgment," "the defendant cannot maintain his impleader if the statute of limitations has run [on] his claim against the third party" under F.R.C.P. Rule 14(A). 3 Moore's

Supreme Court Rules, 12 O.S.2001, Ch. 15, App.

Federal Practice, ¶ 14.09 at 14–63–65. The federal courts agree. *See, e.g., Love v. Temple University–Of the Cmwlth. Sys. of H. Ed.,* 366 F.Supp. 835, 842 (D.C.Pa.1973)[2]; *Sabat v. Pennsylvania Railroad Company,* 157 F.Supp. 325, 327, 328 (D.C.N.Y.1958).[3] Indeed, the courts of other states also agree that a defendant may not maintain a third-party claim where the statute of limitations on the claim against the third party has run. *See, e.g., Thompson v. Vaughn,* 592 So.2d 585 (Ala.1992)[4]; *Griggs v. Nash,* 116 Idaho 228, 775 P.2d 120 (Id.1989)[5]; *Kleckley v. Hebert,* 464 So.2d 39 (La.App. 3rd Cir.1985)[6]; *Farris v. Wooten,* 641 S.W.2d 691 (Tex.App. 10th Dist.1982).[7]

 ¶ 9 In accord with these authorities and the analysis in *Hodge,* we are persuaded that, except as to claims for contribution and indemnity which do not accrue until defendant's liability is established, § 2014(A) does not permit the defendant's assertion of a third-party claim where the statute of limitations on the third-party claim has run. In the present case, Perry asserted a third-party claim against Slaughter seeking damages for negligence, but asserted no claim for contribution or indemnity. Perry's claim

against Slaughter for negligence was governed by the two year statute of limitations, 12 O.S. § 95(A)(3), but Perry did not assert her negligence claim against Slaughter until more than two years after the cause of action accrued on the date of the accident. Perry's third-party claim was barred by the two year statute of limitations, and the trial court did not err in granting the motion for summary judgment on that basis.

¶ 10 The order of the trial court is AFFIRMED.

HANSEN, J., dissents, and MITCHELL, P.J., concurs.

2. "As to [the third-party defendants], their motions to dismiss will be granted. Under 29 U.S.C. § 255, the statute of limitations requires that the action be commenced within two years after the cause of action has accrued, or within three years, if the violation was wilful. It is undisputed that the last collective bargaining agreement between [the defendant/third-party plaintiff] and [the third-party defendant] went into effect on August 1, 1968, that at the outside [the third-party defendant's] association with [the defendant/third-party plaintiff] terminated on June 30, 1970, and the complaint in the case at bar was filed on August 29, 1972."

3. "Since the occasion for seeking indemnity will not arise until the primary liability of the defendant has been established, it would seem clear that the limitation period established in Title 28 U.S.C. § 2401 is not a bar to the third-party complaint, since, the occasion for it to seek indemnity has not thus far arisen." Held: "The third-party defendant's motion to dismiss will be denied without prejudice to a renewal thereof upon the trial, if according to the evidence it should appear that the present understanding of the true relationship of the parties is mistaken, and that the [third-party plaintiff] and the [third-

party defendant] were in effect joint tort feasors."

4. In plaintiff's action for injunction to compel compliance with health laws concerning septic disposal, held, defendant/third-party plaintiff's claims against home builder and installer of septic system asserting third-party defendants' negligence and fraud barred by statute of limitations.

5. In plaintiff's action against action against real estate loan brokers, held, defendant brokers' third-party claim asserting third-party defendant's professional negligence in the same transaction as principal claim barred by statute of limitations.

6. In plaintiff's action to enforce obligation to purchase limited partnership interest, held, defendant/third-party plaintiff's claim for securities fraud in the same transaction as principal claim barred by statute of limitations.

7. In plaintiff's quiet title action, held, defendant/third-party plaintiff's claim for repartition of land barred by statute of limitations.