

# NUMBER 13-22-00045-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**BERTHA VILLARREAL,** **Appellant,**

**v.**

**AIDA GUERRERO VILLARREAL,** **Appellee.**

### On appeal from the 389th District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña**
**Memorandum Opinion by Chief Justice Contreras**

Appellant Bertha Villarreal appeals the trial court's judgment denying her claims to quiet title and for declaratory relief and upholding a transfer of interest in real property to appellee Aida Guerrero Villarreal by general warranty deed. We conclude that appellant's

suit was filed outside the applicable four-year limitations period and thus affirm the trial court's judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4).

## I. BACKGROUND & PROCEDURAL HISTORY

On December 28, 2020, appellant sued her daughter, appellee, seeking a temporary restraining order and temporary injunction requiring appellee to avoid contact with appellant and to "return title" to her home,[1] which she claims "was fraudulently acquired" by appellee. In January 2021, appellee filed her answer generally denying appellant's allegations. She attached to her answer a notarized general warranty deed (the Deed) dated November 12, 2013, in which appellant and her husband transferred their interest in their property to appellee, subject to a life estate in their benefit. The Deed was recorded with the Hidalgo County Clerk on November 13, 2013.

In June 2021, appellant moved for summary judgment, stating that her action was to quiet title and alleging that she was "wrongfully dispossessed" of her property because appellee forged her signature on the Deed. Appellant requested, among other things, that the Deed be declared "null and void." Appellee filed a response to appellant's motion for summary judgment alleging that an issue of material fact existed. Appellee later filed an amended response accompanied by the Deed and an affidavit by Margaret Flores, who stated that she "was the notary public who acknowledged the legal paperwork [regarding the Deed,] and all signatures were signed legally in [her] presence and without coercion or duress."

In August 2021, appellant filed a "Complaint," requesting that the trial court quiet

---

[1] Appellant resides in her home, and appellee lives elsewhere.

title to the relevant property, invalidate the Deed as void *ab initio* "due to fraud," and award her various costs and fees. In this pleading, appellant alleged that "[o]n or about October 7, 2020, upon the passing of [her] deceased husband, [she] was made aware by her daughter and power-of-attorney, Ursula Barrera, that her home was under" appellee's name. The trial court denied appellant's motion for summary judgment.

Appellee subsequently moved for summary judgment, alleging that appellant's claims were barred by the applicable four-year statute of limitations for fraud actions. *See id*. Appellee attached to her motion the Deed and property tax statements addressed to the property listing her as the owner. Appellant filed a response to appellee's motion for summary judgment disputing the time from which the statute of limitations began to run. According to appellant, she only learned of the Deed's existence upon her husband's death, and so the limitations period began in October 2020. Appellant also filed an "Original [sic] Petition to Quiet Title and For Declaratory Judgment," again seeking to invalidate the Deed due to fraud. In this pleading, appellant alleged that appellee "misrepresented" that the Deed she signed "was medical documentation."

In September 2021, appellee filed an amended answer and an amended motion for summary judgment, arguing again that the statute of limitations had passed, and that appellant needed to bring a trespass to try title claim rather than a suit to quiet title or for declaratory judgment. The trial court denied appellee's amended motion for summary judgment. In October 2021, appellant filed an "Amended Petition to Quiet Title and For Declaratory Judgment." On November 8, 2021, the trial court held a bench trial on appellant's suit.

3

Although unclear from the trial transcript, by her pleadings and testimony, appellant seemed to argue that on November 13, 2015, she signed the Deed believing it to be forms related to a doctor's visit. On cross-examination, appellee presented appellant with the Deed, which appellant admitted contained her signature. Appellee also offered notary Flores's signed logs from the date of the Deed's signing, which appellant admitted contained her signature, and an affidavit by Flores that the logs were made by "persons with knowledge of the matters set forth."

Following testimony, the trial court found in favor of appellee and denied appellant's requested relief. The trial court noted that "nowhere in the evidence did [appellant] ever establish that [she] did not know what she was doing when she signed" the Deed. The trial court also stated that the Deed was notarized, and no evidence contradicted the notary's statement that appellant "kn[ew] what she was doing" when she signed the Deed. On November 17, 2021, appellant filed a request for findings of fact and conclusions of law, but the trial court never issued any. Two days later, the trial court signed a final judgment reflecting its earlier ruling. This appeal followed.

## II.    DISCUSSION

By three issues, appellant argues that (1) "the trial court abused its [discretion] in granting judgment in [appellee]'s favor," and (2–3) the evidence is legally and factually insufficient to support the trial court's judgment. We address all three issues together.

## A.    Standard of Review

As here, when a trial court does not issue findings of fact and conclusions of law, "all facts necessary to support the judgment and supported by the evidence are implied."

*BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *see Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). However, "[w]hen the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency." *Marchand*, 83 S.W.3d at 795. We will uphold the trial court's judgment on any legal theory before it that finds support in the evidence. *See Stamper*, 801 S.W.2d at 109; *In re L.M.R.*, 644 S.W.3d 783, 786 (Tex. App.—Corpus Christi–Edinburg 2022, no pet.).

In challenging the legal sufficiency of the evidence to support a finding on which an adverse party bore the burden of proof, the appellant must show the record presents no evidence to support the adverse finding. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 215 (Tex. 2011) (citing *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983)). Such a challenge will fail if the record shows "more than a mere scintilla" of evidence supporting the finding. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005); *Marchand*, 83 S.W.3d at 795. "When considering whether legally sufficient evidence supports a challenged finding, we must consider the evidence that favors the finding if a reasonable fact finder could, and disregard contrary evidence unless a reasonable fact finder could not." *Choice! Power, L.P. v. Feeley*, 501 S.W.3d 199, 208 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *City of Keller*, 168 S.W.3d at 827). We evaluate all the evidence in the light most favorable to the contested finding and indulge every reasonable inference in support of that finding. *City of Keller*, 168 S.W.3d at 822.

To successfully attack an adverse finding for factual insufficiency of the evidence,

5

a party must show that, considering all the evidence in the record germane to that finding, "the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that [it] . . . should be set aside." *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 615 (Tex. 2016); *see Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

In undertaking a sufficiency analysis, we are mindful that "in a bench trial, the trial court is the sole judge of the credibility of witnesses and the weight to be given to their testimony." *Feeley*, 501 S.W.3d at 208 (citing *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003)). "As long as the evidence at trial 'would enable reasonable and fair-minded people to differ in their conclusions,' we will not substitute our judgment for that of the fact finder." *Id.* (quoting *City of Keller*, 168 S.W.3d at 822).

## B. Applicable Law

"Deeds obtained by fraud are voidable rather than void, and remain effective until set aside." *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007) (per curiam) (citing *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976)). In a suit to set aside a deed for fraud, the plaintiff bears the burden "to establish the acts of fraud alleged." *Dorsey v. Temple*, 103 S.W.2d 987, 992 (Tex. App.—El Paso 1937, writ dism'd by agr.); *see Curry v. Curry*, 270 S.W.2d 208, 214–15 (Tex. 1954) ("If plaintiffs expected to prevail on the theory mentioned, it was incumbent on them to offer evidence to support it. In the absence of such evidence there was no support for the jury finding of undue influence based on fraud in the inducement of the deed.").

A party seeking to set aside a deed for fraud must file suit "within four years of

6

when the fraud should have been discovered by reasonable diligence." *Ford*, 235 S.W.3d at 617 (first citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4); then citing *Little v. Smith*, 943 S.W.2d 414, 420–21 (Tex. 1997); and then citing *Sherman v. Sipper*, 152 S.W.2d 319, 320–21 (Tex. 1941)). "While not all public records establish an irrebuttable presumption of notice, the recorded instruments in a grantee's chain of title generally do." *Id.*; *see* TEX. PROP. CODE ANN. § 13.002 ("An instrument that is properly recorded in the proper county is: (1) notice to all persons of the existence of the instrument; and (2) subject to inspection by the public."); *Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex. 1981) ("A person is charged with constructive notice of the actual knowledge that could have been acquired by examining public records. When evidence of fraud may be disclosed by examination of public records this court has held limitations will begin to run from the time the fraud could have been discovered by the exercise of ordinary diligence."); *McMeens v. Pease*, 878 S.W.2d 185, 189 (Tex. App.—Corpus Christi–Edinburg 1994, writ denied) ("Evidence of fraud may be disclosed by the examination of public records containing a recorded deed. The deed in this case was filed for record in Gonzales County in October 1972. We find no harshness in holding that a grantor, executing a transfer of land, is charged with knowledge of the conveyance made to the grantee.") (cleaned up).

"Texas law is well settled that once limitations has expired for setting aside a deed for fraud, that bar cannot be evaded by simply asserting the claim in equity." *Ford*, 235 S.W.3d at 618; *see Lance v. Robinson*, 543 S.W.3d 723, 738–39 (Tex. 2018) ("[A] 'suit to "quiet title" and a "trespass-to-try-title claim" are both actions to recover possession of land unlawfully withheld, though a quiet-title suit is an equitable remedy whereas a

7

trespass-to-try-title suit is a legal remedy afforded by statute.'" (quoting *Cameron County v. Tompkins*, 422 S.W.3d 789, 797 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied))). Thus, when a deed is merely voidable, an equitable action to quiet title may not be brought outside the limitations period when the party challenging the deed had an adequate legal remedy and should have discovered the fraud through reasonable diligence. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4); *Ford*, 235 S.W.3d at 618.

Additionally, "[t]he law is settled that a [deed's] certificate of acknowledgment is prima facie evidence that the grantor appeared before the notary and executed the deed in question for the purposes and consideration therein expressed." *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 843 (Tex. App.—Dallas 2011, no pet.) (citing *Bell v. Sharif–Munir–Davidson Dev. Corp.*, 738 S.W.2d 326, 330 (Tex. App.—Dallas 1987, writ denied)). "Clear and unmistakable proof that either the grantor did not appear before the notary or that the notary practiced some fraud or imposition upon the grantor is necessary to overcome the validity of a certificate of acknowledgment." *Id.* (quoting *Bell*, 738 S.W.2d at 330).

## C.  Analysis

In her pleadings and at trial, appellee argued that appellant's suit was barred by the four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4). We will uphold the trial court's decision on limitations grounds if supported by the evidence. *See Stamper*, 801 S.W.2d at 109. The statute of limitations is an affirmative defense, and appellee "bears the initial burden to plead, prove, and secure findings to

8

sustain" the defense. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988) (citing TEX. R. CIV. P. 94). Therefore, for her legal sufficiency challenge to succeed, appellant must show there is no evidence to support the implied finding that her suit was time barred. *See Exxon Corp.*, 348 S.W.3d at 215.

The statute of limitations began to run when appellant should have, with reasonable diligence, discovered the alleged fraud. *Ford*, 235 S.W.3d at 618. The Deed's recording raises the presumption that appellant had notice of the alleged fraud as of November 13, 2013. *See id.*; TEX. PROP. CODE ANN. § 13.002. More evidence admitted at trial in support of the trial court's implied finding that appellant had notice as of that date includes: (1) the Deed's certificate of acknowledgment containing appellant's signature, *see Morris*, 334 S.W.3d at 843; (2) a copy of Flores's logbook from November 12, 2013; (3) appellant's confirmation that her signature appears on the Deed and in Flores's logbook; and (4) property tax statements addressed to appellant's home that list appellee as the property's owner. This constitutes more than a scintilla of evidence supporting an implied finding that appellant's suit was time barred. *See City of Keller*, 168 S.W.3d at 810.

Even assuming the presumption of notice from recording the Deed is rebuttable, *see Ford*, 235 S.W.3d at 618, appellant presents no evidence to rebut the presumption. While she testified and presented affidavits as evidence in arguing that some fraud occurred, she presents no evidence about why she was unable to discover the fraud for over seven years after it allegedly occurred. *See Sherman*, 152 S.W.2d at 321–22 ("[T]his court has consistently held that 'The statute of limitation begins to run from the time the

fraud is discovered, or could have been discovered by the defrauded party by the exercise of reasonable diligence.' Defendants in error made no attempt, either by pleadings or by proof, to bring their case within this rule. They relied upon the failure to discover such defect, without attempting to show facts excusing their failure to discover such defect; and no attempt is made to show that if they had used reasonable diligence they could not have discovered their cause of action. . . . Therefore the [defendants] are charged in law with constructive notice of the actual knowledge they would have acquired if they had examined the records."). In other words, the trial evidence established that the limitations period began on November 13, 2013, and there was no evidence to the contrary. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4); *Gardiner*, 505 S.W.3d at 615; *Ford*, 235 S.W.3d at 618; *Croucher*, 660 S.W.2d at 58. Appellant thus had until November 13, 2017, to sue for fraud, but only did so on December 28, 2020, over three years past the expiration of the limitations period. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4).

In opposition to appellee's contention that the statute of limitations has run, appellant cites *McWhorter's Estate v. Wooten*, 622 S.W.2d 844, 846 (Tex. 1981), to argue that "[t]he statutes of limitation as to an interest in land, which one owns as a remainderman, subject to a life estate in another, do not begin to run in favor of one in possession until the death of the life tenant." But applied here, that rule merely means that the statute of limitations has not run as to any potential fraud suit filed by appellee, as she is the remainderman under the Deed. The rule has no application as to appellant— the holder of the life estate. *See id.* Thus, *Wooten* does not assist appellant in her quest to extend the statute of limitations, and she cites no other authority to that end. *See* TEX.

10

R. APP. P. 38.1(i).

In sum, there is legally and factually sufficient evidence to support the trial court's implied finding that appellant's suit is time barred. We thus overrule appellant's issues on appeal.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
9th day of March, 2023.